320 So.2d 835 (1975)
STATE of Florida, Appellant,
v.
Roger NELSON, Appellee.
No. 74-262.
District Court of Appeal of Florida, Second District.
October 10, 1975.
Rehearing Denied November 6, 1975.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellant.
William C. Gregg, III, Clearwater, for appellee.
BOARDMAN, Judge.
The state appeals a trial court order discharging appellee, Roger Nelson, because of a violation of the speedy trial rule. We reverse.
A search of Nelson's residence pursuant to a warrant revealed marijuana and a water pipe. He was arrested on June 6, 1973, and immediately charged with misdemeanor possession of marijuana. That charge was later nolle prossed, and on June 27, Nelson was informed against for possession of paraphernalia. A capias was issued on that same day, but authorities were unable to serve it until November 2, 1973. Nelson's arraignment was later scheduled for November 16. He did not appear on that date, but, on November 21, appeared with counsel before Circuit Court Judge Harry Fogle, and explained that he *836 had not been notified of the arraignment date. At that time, his attorney, in the presence of the appellee, agreed to a December 18, trial date[1]  which was over 180 days from his initial arrest.[2]
After filing a motion for discharge under RCrP 3.191(a)(1), his attorney was permitted by the trial court to withdraw from the case and the court appointed another attorney to represent appellee.[3] Despite the state's contentions that Nelson had been unavailable for trial and that the paraphernalia charge did not stem from the same episode as his June 6, arrest, Judge Walker granted the motion for discharge on February 19, 1974, and the state timely appealed.
Under our decision in Eastwood v. Hall, Fla.App.2d, 1972, 258 So.2d 269, the acceptance in open court of a trial date beyond the 180-day period would have waived Nelson's rights under the speedy trial rule.[4]
In all fairness, at the time the trial judge granted the motion to discharge the appellee, he was aware that the 180-day period had run under the Rule, supra. What was not brought to his attention, but as the record before us clearly shows, the appellee had, on November 21, waived his rights under the speedy trial rule. We point out that the setting of the trial date was agreed to by different attorneys and a different judge than attended the discharge hearing.
Under the factual circumstances of the instant case, the appellee is precluded from availing himself of any rights he may have had under the speedy trial rule because of a waiver by his counsel agreeing to a definite trial date beyond the 180 days.
Reversed and remanded.
HOBSON, Acting C.J., and SCHEB, J., concur.
NOTES
[1] The record contains the following colloquy on that date:

MRS. CATES (defense counsel): We'll waive formal reading of that information. We would enter a plea of not guilty and request ten days for motion.
THE COURT: Do you have any preference as for trial date?
MRS. CATES: No, sir.
THE COURT: I had an opening open up on December 11th. That too soon?
MRS. CATES: I think so.
THE COURT: How about December 18?
MRS. CATES: Okay. We can set it for then.
THE COURT: All right. We'll set it then... .
[2] No demand for speedy trial was made. RCrP 3.191(a)(1).
[3] Nelson appeared without counsel on December 18. The judge continued the case; tentatively appointed William Gregg as defense counsel. In order to allow his attorney to adequately prepare, Nelson agreed to waive the speedy trial rule except as to the merits of his pending motion for discharge.
[4] Nelson's consent would not be a prerequisite to waiver. See, State ex rel. Gutierrez v. Baker, Fla. 1973, 276 So.2d 470; McArthur v. State, Fla.App.3d, 1974, 303 So.2d 359; State v. Williams, Fla.App.2d, 1973, 287 So.2d 415; State v. Earnest, Fla.App.1st, 1972, 265 So.2d 397.