327 So.2d 836 (1976)
The STATE of Florida, Appellant,
v.
Carlos Alberto EXPOSITO, Appellee.
No. 75-808.
District Court of Appeal of Florida, Third District.
February 24, 1976.
Richard E. Gerstein, State's Atty., and John Lipinski, Asst. State's Atty., Miami, for appellant.
Max B. Kogen, Miami, and Geoffrey C. Fleck, Miami, for appellee.
Before PEARSON, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The State of Florida seeks reversal of an order granting defendant's motion for discharge for failure to bring him to trial within the time prescribed by RCrP 3.191(g).
In November 1973 defendant, Carlos Exposito, along with Jose Hernandez was informed against on several counts including possession of a controlled substance. After defense counsel requested a continuance and waived speedy trial, the case came on for trial on December 10, 1974 at which time voir dire examination of the jury *837 panel was conducted. On the following day, December 11, the State announced that certain evidence accidently had been destroyed and as a result, upon motions of both the defendant and co-defendant, the trial judge declared a mistrial and a new trial was scheduled for February 19, 1975 and then set over until the next day. On February 20 co-defendant Hernandez and his counsel appeared, but defendant and his counsel were absent. Counsel for Hernandez informed the trial judge that counsel for defendant Exposito was down the hall. Thereupon, the trial judge set April 7 as the new trial date. On March 21 the defendant filed a motion for discharge pursuant to RCrP 3.191(g)[1] on the ground that he had not been brought to trial within 90 days from the date of declaration of mistrial on December 11. The motion was granted. We reverse.
RCrP 3.191(e)[2] clearly provides that a person who is not continuously available for trial is not entitled to be discharged. The record affirmatively demonstrates that defendant and his counsel did not appear (as required) before the court on February 20, 1975 and, thus, defendant was not continuously available.
Accordingly, we reverse the order of dismissal and remand the cause to the trial court for further proceedings.
It is so ordered.
NOTES
[1] "(g) Effect of Mistrial, Order of New Trial. A person who is to be tried again shall be brought to trial within 90 days from the date of declaration of a mistrial by the trial court, the date of an order by the trial court granting a new trial, the date of an order by the trial court granting a motion in arrest of judgment, or the date of receipt by the trial court of a mandate, order, or notice of whatever form from an appellate or other reviewing court which makes possible a new trial for the defendant, whichever is last in time."
[2] "(e) Availability for Trial. The trial of an accused who is not available shall be held in abeyance while such person is unavailable. A person who has not been continuously available for trial during the term provided for herein is not entitled to be discharged; no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availablity during the term."