332 So.2d 146 (1976)
The STATE of Florida, Appellant,
v.
Craig B. MAY, Appellee.
No. 75-1196.
District Court of Appeal of Florida, Third District.
May 18, 1976.
Richard E. Gerstein, State Atty., and Harold Ungerleider, Asst. State Atty., for appellant.
Richard B. Bergstresser, Miami, for appellee.
Before BARKDULL, C.J., HENDRY, J., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL, Associate Judge.
On Monday, June 23, 1975, the last day upon which the appellee Craig B. May could be brought to trial for a charged felony, a body of prospective jurors, who had been summoned for jury duty, were sworn in by the clerk of the court, by administration of the oath prescribed therefor in Rule 3.300(a) RCrP, following which they were examined as to their qualifications to serve as jurors (on cases for which they should be called and accepted) during that week.[1]
During that day no jurors were called to serve on the trial of May, and no action was taken with reference to May's case on that day. Two days later, with the situation unchanged, May moved for discharge from the crime, for failure of the State to bring him to trial within the period required under Rule 3.191(a)(1) RCrP, and certifying his continuous availability *147 for trial during the allotted period therefor. The motion was granted, and the State appealed.
Rule 3.191(a)(3) RCrP provides as follows:
"A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge."
The State argues that the swearing in and qualification of a panel of jurors on the first day of the week amounted to bringing the defendant May to trial on that day, notwithstanding no action was taken with reference to his case that day, and even though his case should not be called and proceeded in until later in the week. The appellee May contends that swearing a panel of jurors and qualifying them to try cases does not amount, ipso facto, to bringing to trial him or any other defendant whose case could be tried on that day. The appellee May contends that in order for him to be brought to trial on such day it would be necessary, at the least, that his case be called for trial and that a trial jury be called and seated for voir dire examination for trial of his case.
We hold those contentions of the appellee are correct, and so construe the rule, upon reading together the several portions of subsection (a)(3) of Rule 3.191. We regard State ex rel. Maines v. Baker, Fla. 1971, 254 So.2d 207, as so recognizing and indicating.
In Maines it is disclosed that on the morning of September 27, 1971, which was the last day upon which Maines could be brought to trial under the Speedy Trial rule, a penal of jurors was sworn by the clerk, and the jurors were examined by the court as to their qualifications. Later on that day, at 8:30 P.M., jurors from that panel were called for the trial of Maines, and voir dire examination thereof began. The voir dire examination in Maines' case continued until 11:15 P.M., by which time the panel of jurors present was exhausted by peremptory challenges, and the case was recessed to the next day. The following day Maines moved for discharge under the Speedy Trial rule. The trial judge denied the motion for discharge, but held the Speedy Trial rule was unconstitutional. Maines petitioned the Supreme Court for a writ of mandamus to command the trial court to enter an order of discharge. The Supreme Court held the Speedy Trial rule was constitutional and denied the application for mandamus. The Court held Maines had been brought to trial on September 27, 1971, and that his trial should proceed. Incident thereto the Court said:
"It is elementary that a trial jury panel is first sworn before any questions (a voir dire examination) are asked the jurors. It is admitted that the trial jury was sworn and voir dire examination began on the last day. The trial in the case sub judice commenced on September 27, 1971."
The order of discharge is affirmed.
NOTES
[1] Section 40.41 Fla. Stat., F.S.A. provides: "Petit jurors shall serve for one week only, unless the circumstances, in the opinion of the judge, require such jurors to serve for a longer time."