McNULTY, Acting Chief Judge.
The only issue meriting discussion is whether, for the purposes of the speedy trial rule, a trial commences when the prospective jurors have been sworn for examination of their qualifications to act as jurors for the week but are not seated for voir dire in the particular trial. The case of State v. May, 332 So.2d 146 (Fla. 3d DCA 1976), answered this question in the negative. We agree. Fla.R.Crim.P. 3.191(a)(3).
In the instant case it appears that on the last day of the speedy trial period, the first *933 day of the trial week, prospective jurors were sworn to examine their qualifications to serve for the week. None were seated for voir dire in this specific case. The next day appellant’s motion for discharge was filed, heard and erroneously denied. The speedy trial time had run. Appellant was, and is, entitled to discharge.
Reversed and remanded for further proceedings not inconsistent herewith.
GRIMES and OTT, JJ., concur.