LETTS, Judge.
In this case we are faced with yet another appeal spawned by Fla.R.Crim.P. 3.191(a)(1), the speedy trial rule. On Monday, January 3, 1977, the last day of appel-lee’s 180 day trial period, a large body of prospective jurors was sworn in by the clerk in readiness for examination as to their qualifications to serve as jurors. None of these jurors were actually seated for voir dire examination in appellant’s case, nor was any other action taken with reference to his particular trial on that day. The trial judge denied the ensuing motion for discharge for violation of the 180 day rule from which the accused appeals. We affirm.
We affirm, somewhat reluctantly. We are not offended at the thought that the initial swearing should prove sufficient to toll the speedy trial time; however, we find it difficult to accept the premise that this commences a particular trial. Notwithstanding our difficulty, the end result of this affirmance permits prospective jurors to be sworn on a Monday, in accordance with Fla.R.Crim.P. 3.300, and not actually be examined for the defendant’s particular trial until Friday, four days beyond the 180 day limit. Two appellate cases have dealt with these identical facts and have come to an opposite and more sensible conclusion than we do now. Their opinion is that the defendant in such circumstances should be discharged: Hall v. State, 348 So.2d 932 (Fla. 2d DCA 1977) and State v. May, 332 So.2d 146 (Fla. 3rd DCA 1976) cert. den. 339 So.2d 1172 (Fla.1977).[1] However, we feel compelled after a close reading of, the applicable rule and the Supreme Court case of State ex rel. Maines v. Baker, 254 So.2d 207 (Fla.1971) to disagree with our sister courts. In Maines, identical facts existed except that late on the same day, voir dire for the defendant’s particular trial did commence. Notwithstanding this important factual distinction, it does not appear to us that it was essential to the court’s decision which upheld Rule 3.191(a)(3) and stated that it “seems clear”. Accordingly, we do not believe that the holding of Maines required the voir dire to begin on the same day despite the fact that it did begin. All that was required was the initial swearing.[2]
The Supreme Court further stated that “we feel it necessary to declare [Rule 3.191(a)(3)] constitutional”, Maines, supra. In particular, that rule states in toto:
Commencement of Trial. A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the *1131 trial proceedings begin before the judge. [emphasis supplied.]
Accordingly we see no alternative but to affirm the trial court’s ruling, although it is hard indeed to explain to a still incarcerated accused that his trial has commenced on Monday morning, when his jailer has just informed him it will not begin until the following Friday.
As already stated, we do not object to a tolling of the time period upon the occasion of the initial swearing in of a panel. The 180 days was an arbitrarily chosen period in any case and a figure of 150 or 200 days could have been selected. It is simply that the existing rule quoted above, appears to be marching to a different drummer, when it declares that the initial swearing commences the actual trial of an accused.
Realizing that this opinion creates a conflict and being convinced that this is a matter of great public interest we therefore certify the following question to the Supreme Court.
FOR THE PURPOSES OF THE 180 DAY RULE, DOES THE TRIAL COMMENCE UNDER RULE 3.191(a)(3) WHEN THE INITIAL OATH IS ADMINISTERED TO A LARGE PROSPECTIVE PANEL UNDER RULE 3.300(a) OR DOES THE TRIAL COMMENCE WHEN THE PANEL IS SEATED FOR VOIR DIRE EXAMINATION.
AFFIRMED.
DOWNEY, C. J., and ANSTEAD, J., concur.

. This denial of certiorari has not been ignored by us, but we deem it an insufficient guide.

. The only other oath provided for in the Rules, is the one set forth in Rule 3.360, given to the jurors selected for the particular trial after voir dire. Obviously this latter is not the critical oath. We point to the author’s comment in 33 Fla.Stat.Ann. 315 (1975) wherein it is said: “As pointed out in Maines ... it makes no difference if voir dire examination commences on the last day since the critical period is when the trial jury panel is actually sworn.”