360 So.2d 406 (1978)
Alphonso STUART, Petitioner,
v.
STATE of Florida, Respondent.
No. 50930.
Supreme Court of Florida.
June 8, 1978.
*407 Bennett H. Brummer, Public Defender, and Karen M. Gottlieb, Asst. Public Defender, Miami, for petitioner.
Robert L. Shevin, Atty. Gen., Tallahassee, and Linda Collins Hertz, Asst. Atty. Gen., Miami, for respondent.
BOYD, Justice.
By petition for a writ of certiorari we have for review a decision of the District Court of Appeal, Third District (Stuart v. State, 339 So.2d 659), which conflicts with decisions in Gue v. State, 297 So.2d 135 (Fla.2d DCA 1974) and State ex rel. Flowers v. Goodman, 241 So.2d 457 (Fla.3d DCA 1970). We have jurisdiction, pursuant to Article V, Section 3(b)(3), Florida Constitution.
After being taken into custody on November 8, 1974, petitioner was informed against for breaking and entering with intent to commit grand larceny on December 12, 1974. The case was first set for trial on March 3, 1975. On that date defense counsel *408 announced to the court readiness for trial, but the case was postponed by the court on its own motion until April 28, 1975. On April 28, defense counsel against announced that the petitioner was ready for trial. Pursuant to request by the state, the case was continued again, and set down for April 30, 1975, for trial or the entry of a plea. On April 30, with the defendant before the court, the defense once again announced readiness to proceed, and informed the court of its rejection of the state's plea offer. The state then requested that the case be put on the "stand-by calendar."
On May 7, 1975, the 180th day following petitioner's arrest and a week after the court and the state were notified in open court of defendant's rejection of the state's plea offer, the case was again called for trial. Counsel for the defense appeared and announced four times that it was ready to proceed. The state expressed a desire to start the trial on the following day, indicating the absence of its chief witness. Counsel for the state at this time indicated that both the state and defense wanted the continuance so that the witness and the defendant could both be present. Defense counsel immediately corrected the prosecutor saying, "I am ready to go today. They have called a witness and the witness isn't here." Defense counsel informed the court that the defendant was on telephone stand-by and would appear if the court decided to proceed with the trial that day.
In response to inquiry as to the existence of a speedy trial problem, counsel for the state advised the court that if trial commenced any day that week it would be timely. This advice was apparently based on the belief that since the weekly jury venire had been sworn on Monday of that week, within the period of the rule, trial before jurors from that venire would be timely commenced. The trial judge apparently felt that even more flexibility was allowed, as is indicated by his statement with regard to continuing the trial over to the next day: "I will put it over to tomorrow, but if a trial starts and runs three days, I don't want anyone complaining they can't get a speedy trial." The prosecutor responded, "I understand." Defense counsel made no objection, but announced again that the defendant was prepared to proceed "today."
On May 8, 1975, the defendant filed his motion for discharge under the speedy trial rule, Florida Rule of Criminal Procedure 3.191, which was denied. After the jury returned a verdict of guilty, the trial court withheld adjudication of guilt and placed petitioner on probation. The district court of appeal affirmed, on the ground that petitioner "effectively waived his right to be tried within the time limitation of the Rule because of the plea negotiations and because of the defense counsel's acquiescence to the Court setting the trial on the 181st day." The court cited State v. Kelley, 322 So.2d 581 (Fla.1st DCA 1975) and State v. Earnest, 265 So.2d 397 (Fla.1st DCA 1972).
If there is any theory upon which the trial court might properly have denied petitioner's motion for discharge, then the district court was correct in affirming, even though the trial court's stated or indicated reasons be erroneous. Cohen v. Mohawk, Inc., 137 So.2d 222 (Fla. 1962). Accordingly, we will address every issue that appears to be relevant to a complete review of the district court's decision. The issues are: (1) whether trial commenced within the period provided by the speedy trial rule; (2) whether petitioner failed to be "continuously available for trial" as required by Rule 3.191(a)(1) and (e), or waived strict compliance with the Rule by participating in plea negotiations; (3) whether there was waiver by agreement or acquiescence to a trial date beyond the rule period; (4) whether the nonpresence of the defendant on the 180th day indicated a lack of continuous availability; (5) whether the continuance granted on the 180th day should be deemed an extension of the rule period based on exceptional circumstances under Rule 3.191(d)(2); and, finally (6) whether under all the circumstances, the trial court was misled by defense counsel's representations in court on the 180th day.

*409 I.
The state contends that petitioner was brought to trial in a timely fashion. The record indicates that the trial court proceeded on the assumption that petitioner's trial, which began on the 181st day following his being taken into custody on the charge, was timely commenced under the rule.
Counsel for the state and counsel for petitioner appeared before the trial court on Wednesday, May 7, 1975, the 180th day. The state advised the court that a commencement of the trial would be timely if had any day that week. The state persists in the contention here that a commencement is timely if trial begins before a panel of jurors who were sworn as prospective jurors within the period provided for by the rule.
Florida Rule of Criminal Procedure 3.191(a)(3) provides:

Commencement of trial. A person shall be deemed to have been brought to trial if the trial commences within the time herein provided. The trial is deemed to have commenced when the trial jury panel is sworn for voir dire examination, or, upon waiver of a jury trial, when the trial proceedings begin before the judge.
The state contends that the swearing of the weekly jury venire at the beginning of the week constituted the swearing of the trial jury panel for voir dire examination. The state cites State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971), in support of this proposition, but its reliance thereon is misplaced. In that case a jury panel was sworn the morning of the last day on which the defendants could be brought to trial. At this time the clerk of the court propounded certain questions and excused some members of the panel. Neither the prosecuting attorney, the defendants, nor defense counsel were then present. Jurors from this panel were then called for the defendants' trial and voir dire examination was begun the same day. The state would seem to make much of the fact that there was no further oath administered to the prospective jurors after their morning swearing as a jury venire. In holding that trial was timely commenced, this Court pointed out that the trial jury was sworn and voir dire examination begun on the last day. The fact that the prospective jurors were seated for voir dire for a particular trial within the period of the rule distinguishes Maines from the case at bar. See also State v. May, 332 So.2d 146 (Fla.3d DCA), cert. denied, 339 So.2d 1172 (Fla. 1976), which held that the swearing and qualifying of a panel of jurors for the week does not amount to commencement where the case is not called for trial, and a prospective trial jury is not called and seated for voir dire in the particular case, citing Maines. Accord Hall v. State, 348 So.2d 932 (Fla.2d DCA 1977).

II.
Unlike the trial court, the district court implicitly recognized that the trial was not commenced prior to the expiration of the 180th day. This conclusion would have been required under its holding in May, above. The district court held, however, that there was a waiver of strict compliance with the rule, indicating that this finding was predicated in part on petitioner's participation in plea negotiations which caused delay.
The state argues that the district court should be upheld on this point on the ground that the delay was in part the responsibility of petitioner because his refusal of a plea bargain offer took place only one week prior to the running of the speedy trial period, and cites State ex rel. Gutierrez v. Baker, 276 So.2d 470 (Fla. 1973), for support. In that case an assistant public defender other than the one who was handling the defendant's case waived strict compliance in order to allow more time for plea bargaining. It was held that a public defender may effectively waive a defendant's right to compliance with the rule without notice to or consent of the defendant where it is felt that the interests of the defendant are best served by trying to gain *410 more time for the negotiation of a plea. The case says nothing about plea bargaining itself constituting a waiver.
In State v. J.H., 295 So.2d 698 (Fla.1st DCA 1974), the state appealed a dismissal of a petition to have a juvenile adjudged delinquent, the dismissal having been granted on the ground of violation of the speedy trial rule. The state there contended that a motion for withdrawal as counsel filed by the public defender constituted a waiver of speedy trial. The district court held that such a move was not a waiver where the motion was neither frivolous nor filed for the purpose of causing delay. Similarly, in the case at bar, there has been no showing that petitioner's participation in plea negotiations was undertaken in bad faith or for the purpose of delay.
The state cites Rubiera v. Dade County ex rel. Benitez, 305 So.2d 161 (Fla. 1974), for the proposition that "there are situations in which the specific limits" of the rule become "inoperative." The situation under consideration there was described by this Court as follows:
When he moved for discharge defendant was involved in trial preparation by availing himself of criminal discovery tools. Notice of taking depositions was served one day prior to filing of motion for discharge. They were scheduled to be taken some eight days later. Under these facts the record fails to disclose that defendant was ready to proceed with his formal defense or otherwise be "continuously available" within the meaning of Rule 3.191(a)(1) and (e).
In the case at bar, participation in plea negotiations, which ended by rejection of the state's plea offer one week prior to the running of the time, did not constitute such a heavy involvement in trial preparation as to negate petitioner's readiness or to indicate that he was delaying the bringing of the case to trial. It is readily distinguishable from filing notice of taking depositions one day and moving for discharge the next.
Even if petitioner had still be engaged in plea negotiations at the time of his motion for discharge, this would not necessarily render the rule period "inoperative" on the ground of waiver, nonavailability, or bad faith delay. In State ex rel. Wright v. Yawn, 320 So.2d 880 (Fla.1st DCA 1975), cert. denied 334 So.2d 609 (Fla. 1976), 142 days had elapsed between defendant's arrest and his indictment. Several grand juries had convened during this period; and the formal charge could have been made by information. Only 38 days remained in the speedy trial period, but the defendant proceeded to attempt to prepare for trial. When brought to trial beyond the rule period, he moved for discharge. Discharge was denied by the trial court on the authority of our decision in Rubiera, on the ground that defendant was still engaged in discovery procedures and thus was not "continuously ready and available for trial." The district court held that a defendant cannot be forced to choose between availing himself of the right to criminal discovery on the one hand and preserving his right to a speedy trial on the other. By similar reasoning a defendant who has announced readiness for trial several times, and had his trial continued pursuant to requests by the state, cannot be said to have been unavailable or to have waived strict compliance due to his participation in plea negotiations.

III.
The district court also reasoned that petitioner waived his right to strict compliance by acquiescing in the setting of the case for trial on a date beyond the speedy trial time period. In support of its argument that the court was correct in doing so, the state cites the case of State ex rel. Leon v. Baker, 229 So.2d 595 (Fla.3d DCA 1969), which dealt with the now-repealed speedy trial statute, Section 915.01, Florida Statutes (1969). The Court there said, at 596-97:
The right to a speedy trial, within the three terms based on written demands as provided for in the statute, is one which a defendant can waive. Acquiescence without objection to a postponement or continuance beyond the term, by the court or on request of the state, may constitute such waiver. (Emphasis supplied.)
*411 This Court affirmed that the statutory right was one that could be waived, but reversed the district court on the ground that no waiver was shown under the facts of the case. 238 So.2d 281 (Fla. 1970). Moreover, the same district court in State ex rel. Flowers v. Goodman, 241 So.2d 457 (Fla.3d DCA 1970), held that a simple failure to object in response to a state request for and the court's granting of a continuance, "is not a waiver by acquiescence under the provisions of § 915.101(2), Fla. Stat., F.S.A."
The state also refers to State v. Earnest, 265 So.2d 397 (Fla.1st DCA 1972), in support of its contention that there was waiver. But in that case the sole question was stated to be, at 398:
whether an attorney representing a defendant charged with a crime may effectively waive the defendant's right to be tried within the time limitations set forth in the speedy trial rule without first having explained to defendant his rights under the provisions of the rule and securing his consent to enter into such an agreement.
The question was answered in the affirmative, but the case gives no support to the state's argument that petitioner's counsel waived his right. It would indicate only that such could have been done even though petitioner was absent on the 180th day.
Another case cited by the state in its argument that there was waiver by acquiescence is State v. Kelley, 322 So.2d 581 (Fla.1st DCA 1975). In that case, however, defense counsel made no response when the prosecutor announced before the court that the state and defense had stipulated to a continuance because of the appointment of new counsel for a co-defendant. The Court held that silence under those circumstances was a waiver, just as would have been a request for a continuance made directly by defense counsel. The case at bar is readily distinguishable.
The state's assertion of acquiescence is further undermined by reference to the decision of the district court of appeal in Gue, above. At defendant's arraignment in that case, a trial date was set beyond the period. The Court stated, at 135:
While it is true, as the trial judge pointed out, that at arraignment the defendant might have called to the state's attention that the case was set for trial beyond the 180 days, we find nothing in the rule which places the burden of compliance elsewhere than on the state. There being no waiver or other circumstances justifying extension, denial of the motion to discharge was error.
A case that is distinguishable from Gue is cited by the state in its brief as supporting its waiver argument. State v. Nelson, 320 So.2d 835 (Fla.2d DCA 1975), stands for the proposition that the acceptance by counsel in open court of a trial date beyond the 180-day period constitutes a waiver. The court there noted in its opinion that there was an actual verbal acceptance of the trial date and not a mere failure to object or to point out that the date would be beyond the period.
In Flournory v. State, 322 So.2d 652 (Fla.2d DCA 1975), there was a hearing held on the next to the last day of the rule time period. At this hearing, the trial was continued and set for a date beyond the period. The district court held that since the record was silent as to any agreement or acceptance of this action, a valid waiver could not be found to have taken place. Nor could a previous agreement to a continuance within the period be taken as such. See State v. Ansley, 349 So.2d 837 (Fla.1st DCA 1977); Smith v. State, 345 So.2d 1117 (Fla.2d DCA 1977).
If silence is not enough to show waiver by acquiescence, but some kind of positive acceptance is required, clearly no waiver is shown where there are repeated announcements of readiness for trial and unhesitating dispute of the state's suggestion of a joint request for a continuance.

IV.
In order to be entitled to discharge under the speedy trial rule, a defendant must have been continuously available for trial *412 during the period. Florida Rule of Criminal Procedure 3.191(a)(1), (e). The concept of continuous availability as an element of a defendant's right to be tried within the time period of the rule was discussed above under point II in connection with petitioner's availing himself of the opportunity to engage in plea negotiations. The state makes a further argument of lack of continuous availability based on the defendant's absence on the 180th day, citing State v. Exposito, 327 So.2d 836 (Fla.3d DCA 1976). There, after declaration of a mistrial, a new trial was scheduled. When the appointed time arrived, the defendant and his counsel did not appear. Counsel for a codefendant informed the court that counsel for defendant was "down the hall." The trial judge set a new trial date. Defendant's subsequent motion for a discharge pursuant to Rule 3.191(g) on the ground that he had not been brought to trial within 90 days after declaration of a mistrial was granted. The district court reversed, holding that the defendant had not been continuously available.
The case at bar differs from Exposito in that petitioner's counsel appeared at the Wednesday, May 7, 1975, hearing. The defendant was not there, apparently because he preferred to be contacted by telephone if the trial was to begin rather than to make yet another fruitless court appearance.
The trial court did not ground its denial of petitioner's motion for discharge on lack of continuous availability. Florida Rule of Criminal Procedure 3.191(e) provides that "no presumption of non-availability attaches, but if the State objects to discharge and presents any evidence tending to show non-availability, the accused then must by competent proof establish continuous availability during the term." In order for the trial court to have based its ruling on this ground, the state would have had to carry this initial burden. State ex rel. Kennedy v. McCauley, 265 So.2d 547 (Fla.4th DCA 1972). This was not done. Furthermore, there is no indication that the defense could not have proved that petitioner was in fact on telephone stand-by on the 180th day. The concept of continuous availability contemplates readiness to proceed, Rubiera, above, which petitioner announced repeatedly through the course of the proceedings.

V.
While the considerations set out in part III above refute the state's contention that there was agreement by acquiescence to postponement of the trial, it might well be argued that the continuance of one day which was granted to the state on the 180th day amounted to an extension of the rule time period based on good cause  the absence of the state's chief witness.
Subsection (d)(2) of the rule provides for the period to be extended by order and sets out the methods by which this can be done. It can be either on the court's motion or on motion of either party, in exceptional circumstances. The kinds of things that may constitute such exceptional circumstances are set out in Rule 3.191(f). Specifically excluded are: "general congestion of the court's docket, lack of diligent preparation or failure to obtain available witnesses, or other avoidable or foreseeable delays." Specifically included is "unexpected illness or unexpected incapacity or unforeseeable and unavoidable absence of a person whose presence or testimony is uniquely necessary for a full and adequate trial."
Because of the trial court's disposition of the motion for discharge, there was no determination whether the absence of the witness should be deemed to fall into the former or the latter category above. Even if an exceptional circumstance as defined by the Rule were shown, however, an extension might not be justified. The delay in this proceeding and the numerous continuances were not the fault of petitioner. It has been held that where exceptional circumstances or complexities involved in the preparation of a case for trial were occasioned by delay on the part of the state, they will not be deemed to justify a delay of the trial and an extension of the rule period. State ex rel. Boren v. Sepe, 256 So.2d 259 (Fla.3d DCA), cert. discharged, 271 So.2d 116 (Fla. 1972).
*413 Because such an extension for exceptional circumstances must be by order of the court, Florida Rule of Criminal Procedure 3.191(d)(2), and will not be automatic or presumed from the circumstances, State v. Cannon, 332 So.2d 127 (Fla. 4th DCA 1976); Mullin v. State, 307 So.2d 829 (Fla.3d DCA 1974), cert. denied 317 So.2d 761 (Fla. 1975); Pouncy v. State, 296 So.2d 625 (Fla.3d DCA 1974); Esperti v. State, 276 So.2d 58 (Fla.2d DCA), cert. denied 285 So.2d 614 (Fla. 1973), the question of whether the circumstances were such as would justify an extension of the rule time period is a moot point. As there was no order of the court, there cannot have been an extension of the speedy trial rule time period.

VI.
The final issue to be considered is closely related to the question of waiver by acquiescence addressed above. Like the waiver issue, it arises from the events that transpired at the Wednesday, May 7, 1975, hearing. As has been recited previously, at the May 7, 1975, hearing defense counsel corrected the state's suggestion that the request for another day's continuance was jointly made, informed the court that the defendant was available and was awaiting a call to appear, and announced four times readiness to proceed. The judge, after being advised that the state's witness would be unavailable until the following day, and being under the erroneous impression that a trial commenced any time that week would be timely, stated that he did not want anyone complaining that they could not get a speedy trial. The state argues that the failure to assert at that point in time that a speedy trial issue existed and that if trial were continued to the next day defense would move for discharge misled the judge. Had the defense at that time made its position clear by explicitly challenging the court's apparent posture (that trial could be timely commenced the next day), the court, it is argued, would then have had an opportunity to decide the matter.
We deal here with a question that goes to the very nature and purpose of the speedy trial rule and to the basic principles of advocacy in an adversary system of criminal justice. Petitioner had a constitutional right to be brought to trial within a reasonable time. The rule of 180 days provides a practical way to effectuate the constitutional right. Defense counsel had tried to protect petitioner's constitutional right by announcing readiness for trial numerous times following the filing of the information. By the time of the hearing on the 180th day, petitioner's constitutional right had been stretched almost to the limit. By this point defense counsel was properly more concerned with protecting petitioner's entitlement to the remedy that follows from the violation of the rule. The proper time to argue about the operation of the rule and the entitlement to a discharge is at a hearing on a motion therefor, and a motion for discharge can only be effectively made when the movant is entitled to one  after the period has run. Florida Rule of Criminal Procedure 3.191(d)(1). Defense counsel was under no duty to correct the court's impression and to argue to the court that trial had to begin that day simply because he might have succeeded. This would have jeopardized his client's chances of getting the remedy for a violation of the speedy trial rule. As serious as is the duty of an attorney to keep the court apprised of its position and to advise on the ramifications of court action, the duty to promote and defend the rights and lawful interests of a client accused of crime is even weightier.[*] In the situation we consider, no concept of a duty of open dealing before the court can justify requiring the defense to do the state's job.
Our disposition of the case makes consideration of petitioner's other point for review *414 unnecessary. To the extent it is inconsistent with this opinion, the decision of the district court is quashed. The case is remanded with directions that the petitioner be discharged.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only.
NOTES
[*] A lawyer should represent a client zealously within the bounds of the law. Canon 7, Fla.Bar Code Prof.Resp. Ethical Consideration 7-3 states, "While serving as an advocate, a lawyer should resolve in favor of his client doubts as to the bounds of the law." This duty of zealous representation is a duty owed by a lawyer both to his client and to the adversary system of justice. Id., E.C. 7-19.