368 So.2d 1291 (1979)
Jackie Lee MOORE, Petitioner,
v.
STATE of Florida, Respondent.
No. 54588.
Supreme Court of Florida.
March 8, 1979.
Alan H. Schreiber, Public Defender, and Stuart M. Lerner, Asst. Public Defender, Fort Lauderdale, for petitioner.
*1292 Jim Smith, Atty. Gen., and Benedict P. Kuehne, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition for writ of certiorari to review the decision of the Fourth District Court of Appeal upon a certified question concerning the computation of time under the speedy trial rule.[1]Moore v. State, 358 So.2d 1129 (Fla. 4th DCA 1978). The certified question is as follows:
FOR THE PURPOSES OF THE 180-DAY RULE, DOES THE TRIAL COMMENCE UNDER RULE 3.191(a)(3) WHEN THE INITIAL OATH IS ADMINISTERED TO A LARGE PROSPECTIVE PANEL UNDER RULE 3.300(a) OR DOES THE TRIAL COMMENCE WHEN THE PANEL IS SEATED FOR VOIR DIRE EXAMINATION.
Id. at 1131.
The District Court, in the instant case, held that a trial commences under Rule of Criminal Procedure 3.191(a)(3) when the initial oath is administered to the total jury venire without regard to the time when the oath is administered to prospective jurors and the voir dire is commenced in a specific case. This is contrary to our recent holding in Stuart v. State, 360 So.2d 406, 409 (Fla. 1978). In accordance with our decision in Stuart, we hold that under Rule of Criminal Procedure 3.191(a)(3) a trial commences when a jury panel is sworn for voir dire in a specific trial. See Hall v. State, 348 So.2d 932 (Fla. 2d DCA 1977); State v. May, 332 So.2d 146 (Fla. 3d DCA 1976), cert. denied, 339 So.2d 1172 (Fla. 1976); State ex rel. Maines v. Baker, 254 So.2d 207 (Fla. 1971).
The question having been answered contrary to the District Court's holding, the decision of that court is quashed with directions that the petitioner be discharged.
It is so ordered.
ENGLAND, C.J., and SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.