HERSEY, Judge,
concurs specially.
It is not without some reluctance that 1 concur with the majority opinion. In State v. Nelson, 320 So.2d 835 (Fla. 2d DCA 1975) the court determined that acceptance by defense counsel in open court of a trial date beyond the expiration of the period under the applicable speedy trial rule constituted a waiver. Our Supreme Court, in Stuart v. State, 360 So.2d 406 (Fla.1978), refused to broaden the basis for waiver to include “failure to object or to point out that the date would be beyond the period.” For my own part I find it difficult to differentiate between an oral “acceptance” and “acquiescence” by silence. Defense counsel, after all, remains an officer of the court. An accused is entitled to a reasonably expeditious disposition of charges against him. This is a constitutional right which counsel is duty-bound to protect at all reasonable costs. The accused has no right, of which I am aware, to speedy release without trial. Ipso facto counsel has no duty to safeguard that non-existent right. Counsel should not be encouraged to invite error or, if that phrase misses the mark by inches, to acquiesce in error. Society, as well as an individual accused, has rights which merit our attention. Acquittal of an accused under the circumstances of this case is, in my considered judgment, neither constitutionally mandated nor philosophically justifiable. For these reasons, and, as succinctly, and I believe, persuasively, stated by Chief Judge Boyer, concurring specially in State v. Ansley, 349 So.2d 837, (Fla. 1st DCA 1977), I would deny the petition had we the authority to do so.