BOYD, Justice,
concurring in part and dissenting in part.
I concur in the Court’s decision to approve the holding of the district court, which affirmed petitioner’s adjudication of delinquency. I dissent from the general rule requiring introduction of contraband evidence and requiring the defendant to point out a deficiency in the state’s case.
Notwithstanding Blackstone’s pronouncements on the subject, it has long been an established principle of American jurisprudence that the best evidence rule applies only to written documents and not to tangible objects. 1 Underhill’s Criminal Evidence, § 101 (6th ed. 1973); 4 Wigmore on Evidence, § 1181 (3d ed. 1972). The distinction is based on the understanding that a person’s ability to recall the appearance of an object is usually greater than his ability to recall all the words of a written document. Because variation of just a few words can totally change the effect of a written document, it is recognized that the document itself is the most accurate, and perhaps the only reliable, evidence of the contents.
This rationale for the best evidence rule does not apply to physical objects, not even contraband evidence like controlled substances. To prove that an object found in the possession of the accused is a controlled substance, the state must present the testimony of a qualified expert. The testimony of a non-expert, based on simple observation, will not be enough to establish whether an object is a controlled substance under section 893.03, Florida Statutes (1981). It is the testimony of the expert witness, and not the substance itself, that is the essential item of evidence proving the nature of the substance. With regard to substances that are not contraband, an expert’s description is usually admissible without the introduction of the substance itself. 1 Underhills’ Criminal Evidence, § 103 (6th ed. 1973).
In connection with the present case, it is interesting to note that the 1982 legislature has addressed the question of controlled substances as tangible evidence in criminal trials. Chapter 82-88, Laws of Florida, provides for seized quantities of controlled substances to be “sample tested and weighed,” with the samples and analyses being admissible in evidence to prove “the nature, composition, and weight of the substance seized.” The act provides that quantities of seized substances other than the retained test sample may be destroyed.*
*980 I do not believe that the decision of this case requires the fashioning of such a general rule as the majority, in its Solomonic wisdom, attempts to develop. Here the judge who ruled on the admissibility of the evidence was also the trier of fact. He saw the physical evidence, heard testimony identifying it and establishing the chain of custody, and heard expert testimony establishing that it was cannabis. For all practical purposes, although not formally, the cannabis was in evidence in the sense that it was placed before the eyes of the trier of fact along with identifying and authenticating testimony. Thus we need not be concerned with fashioning a general rule. In cases tried to a jury, where the defense challenges the admissibility of tangible evidence, the jury, if defense counsel does his job correctly, will not see the evidence nor even hear it referred to unless and until it has been ruled admissible by the court.
The majority suggests as one reason for its general rule the right of the defendant to examine and challenge the substance offered as evidence of illegal possession. However, the defendant’s interest in challenging the authenticity of the evidence is fully protected by the criminal rules governing discovery. See Fla.R.Crim.P. 3.220(a). Therefore there is no need, as far as the defendant is concerned, for a general rule requiring that the controlled substance itself be admitted into evidence.
The foregoing remarks indicate my reasons for disagreement with the majority’s general rule requiring the presentation of the controlled substance as tangible evidence. If, however, there are cases where it must be held as a matter of law that the evidence of guilt is insufficient without the introduction of the actual physical substance possessed, then I am deeply troubled by the Court’s holding that the defendant must point out the evidentiary insufficiency to the court and to the state. The Court’s suggestion that upon objection, the trial court would allow the state to reopen its case to remedy the evidentiary deficiency embarks upon a new line of authority. This sets a precedent for allowing the state to reopen its case when a defendant’s motion for judgment of acquittal points out the state’s failure to present sufficient evidence. This newly imposed duty of defense counsel conflicts with the principle that the burden of proof is on the state and with the lawyer’s duty to act in the best interest of his client. It is tantamount to asking defense counsel to perform the state’s job. Cf. Stuart v. State, 360 So.2d 406 (Fla.1978) (defense counsel is not required to inform the court of imminence of speedy trial rule violation).
In summary, I would simply hold that there was sufficient evidence to support the adjudication of delinquency and that petitioner was not prejudiced by the nonintro-duction of the physical evidence. See United States v. Cadena, 585 F.2d 1252 (5th Cir. 1978). On this basis I would approve the decision of the district court of appeal.
ADKINS, J., concurs.

 Chapter 82-88, Laws of Florida, provides in full:
Section 1. Section 893.105, Florida Statutes, is created to read:
893.105 Testing and destruction of seized substances.—
(1) Any controlled substance seized as evidence may be sample tested and weighed by the seizing agency after the seizure. Such samples and the analysis thereof shall be admissible into evidence in any civil or criminal action for the purpose of proving the nature, composition, and weight of the substance seized. In addition, the seizing agency may photograph or videotape, for use at trial, the controlled substance seized.
*980 (2) Controlled substances that are not retained for sample testing as provided in subsection (1) may be destroyed pursuant to a court order issued in accordance with s. 893.12.
Section 2. This act shall take effect upon becoming a law.