482 So.2d 521 (1986)
Charles SMITH, III, Appellant,
v.
STATE of Florida, Appellee.
No. 85-295.
District Court of Appeal of Florida, Second District.
January 29, 1986.
*522 J. Marion Moorman, Public Defender, Bartow, and L.S. Alperstein, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Charles Smith, III, appeals his conviction and sentence for lewd and lascivious conduct. Defendant seeks reversal on the ground the trial court erred in denying his motion for discharge in which he alleged he was denied the right to a speedy trial under Florida Rule of Criminal Procedure 3.191(a)(1). We affirm.
Defendant was arrested on June 7, 1984. On June 27 the state filed an information charging him with sexual battery, a violation of section 794.011(2), Florida Statutes (1983). On August 31 the court set his trial for December 10. At an interim disposition hearing held on November 26, the state attorney indicated the defendant's trial was to commence as scheduled on December 10. At this point defense counsel addressed the court saying:
We will be ready for trial. That is my understanding, sir. We will be ready for trial December 10. That is two weeks.
On December 10 defendant moved for discharge on the ground he had not been brought to trial within 180 days of his arrest as required by the version of rule 3.191(a)(1) in effect in 1984.[1] The state opposed the motion, based largely on defense counsel's statement at the November 26 hearing. The trial judge determined that defense counsel's statement constituted a waiver of the defendant's right to a speedy trial, and therefore, the judge denied the motion for discharge.
Defendant pled nolo contendere to the lesser offense of lewd and lascivious conduct, reserving the right to appeal the court's denial of his motion for discharge. The court sentenced defendant to four years in prison.
A defendant's right to be tried within the speedy trial period of rule 3.191(a)(1) can be waived by defense counsel. State ex rel. Leon v. Baker, 238 So.2d 281 (Fla. 1970); Nelson v. State, 450 So.2d 1223 (Fla. 4th DCA 1984). While we note that defendant's silence at the August 31 hearing was not a waiver of his right to speedy trial, State v. Ansley, 349 So.2d 837 (Fla. 1st DCA 1977), we agree with the trial court's determination that counsel's statement at the November 26 hearing represented an acceptance on behalf of the defendant to be tried on December 10.
*523 Defendant relies on Stuart v. State, 360 So.2d 406 (Fla. 1978), for reversal. In Stuart, the state made several requests for continuances. On each date set for trial, defense counsel appeared, announced his readiness to begin trial that day, and disputed the state's suggestion that a joint request for continuance was being made. The supreme court held that defense counsel's indications of readiness did not constitute a waiver of speedy trial.
We find the instant case distinguishable. Unlike in Stuart, where defense counsel indicated a present readiness for trial, defense counsel's comment here had the effect of an agreement, or at least an acquiescence, to commence defendant's trial on December 10, a date just six days beyond the expiration of speedy trial.[2] Based on counsel's statement, we think the trial court was justified in believing that a trial date agreeable to the parties had been set.
We previously addressed this issue in a similar case. In State v. Nelson, 320 So.2d 835 (Fla.2d DCA 1975), defense counsel appeared with the defendant at his arraignment and when asked by the judge if December 18 was an acceptable trial date, counsel responded "Okay. We can set it for then." Nelson, 320 So.2d at 836. Since the December 18 trial date was more than 180 days from defendant's initial arrest, the trial court granted defendant's subsequent motion for discharge. We held that defense counsel's agreement to that date waived defendant's rights under the speedy trial rule. Id. In Stuart the supreme court distinguished Nelson by stating that it stands
for the proposition that the acceptance by counsel in open court of a trial date beyond the 180 day period constitutes a waiver. The court there noted in its opinion that there was an actual verbal acceptance of the trial date and not a mere failure to object or to point out that the date would be beyond the period.
Stuart, 360 So.2d at 411. See also State v. Morgan, 471 So.2d 199 (Fla. 2d DCA 1985), holding the speedy trial time under the rule was extended where the trial court inadvertently extended the time for trial and all parties "acquiesced"; State v. Swint, 464 So.2d 242 (Fla. 2d DCA 1985), finding that defendant waived speedy trial when counsel said, "August 22nd, we'll try him then"; Robbins v. State, 370 So.2d 420 (Fla. 1st DCA 1979), cert. denied, 381 So.2d 769 (Fla. 1980), stating that the defendant waived speedy trial when counsel told the court he would be ready for trial on the date which the court had set for trial.
Affirmed.
GRIMES, A.C.J., and LEHAN, J., concur.
NOTES
[1] Effective January 1, 1985, rule 3.191 has been revised to permit the state to bring a defendant to trial within 15 days from the filing of a motion for discharge. The Florida Bar, Re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984).
[2] Of course, there is no constitutional basis for discharge. There is no showing of any prejudice accruing to Smith because of the six day delay beyond the speedy trial deadline under rule 3.191. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); Sturdivan v. State, 419 So.2d 300 (Fla. 1982).