PER CURIAM.
In this appeal we are asked to review several of the trial court’s adverse rulings in appellant’s trial for sexual battery of a child under the age of twelve years (case number 85-14964). We are also asked to review the trial court’s denial of appellant’s motion for speedy trial discharge in case numbers 86-00289, 86-00291, and 86-00292, which involved four counts of handling and fondling a child under the age of sixteen years and one count of committing a lewd and lascivious act in the presence of a child under the age of sixteen years.
After a careful review of the record in case number 85-14964, we conclude that the trial court did not commit reversible error in any of the six points appellant raises on appeal. Accordingly, we affirm appellant’s judgment and sentence in this case.
We do, however, hold that the trial court erred in denying appellant’s June 24, 1986, motion for speedy trial discharge in case numbers 86-00289, 86-00291, and 86-00292.
The record reveals that appellant was taken into custody for these charges on December 25, 1985. These cases were originally set for trial on June 17, June 24, and July 1, 1986.[1] In case number 85-14964, trial was set for June 3, 1986.
On April 23,1986, appellant filed a pro se motion to discharge his public defender. On April 29, 1986, the trial court issued an order finding appellant solvent and allowing the public defender to withdraw. On May 28, 1986, six days prior to the June 3 trial date, appellant’s private counsel filed a notice of appearance.
At a motion hearing held on June 3, 1986, appellant’s counsel advised the trial court that appellant waived speedy trial for case number 85-14964, but did not waive speedy trial in case numbers 86-00289, 86-00291, and 86-00292. In fact, during that same hearing, appellant’s counsel further advised the trial court, “... I will do everything I need to be ready for June 17th. If I can’t I will come back to the Court and ask for a continuance or a tolling of the time to be done in order to protect [appellant’s] rights under that speedy trial rule.” The state argued this stance amounted to a waiver of speedy trial. The trial court agreed with the state, and ruled that appellant had waived speedy trial in these cases. The court then reset trial of the causes on September 10, 23, and 30, 1986.
On June 24, 1986, appellant filed a motion for speedy trial discharge pursuant to *157 Florida Rule of Criminal Procedure 3.191(d)(1), contending that he had been incarcerated for over 175 days without being brought to trial. The trial court denied the motion on the same day. Thereafter, appellant pleaded nolo contendere to the charges in these cases, reserving the right to appeal the denial of his motion for discharge.
We have thoroughly reviewed the record and can find no instance where appellant waived his speedy trial rights in these cases. On appeal the state attempts to argue that appellant waived speedy trial by filing a motion to discharge his public defender and retain alternate counsel. This argument lacks merit in light of appellant’s counsel’s affirmation of appellant’s speedy trial rights at the June 3 hearing. Because appellant did not waive his speedy trial rights and asserted that he would be ready for trial on the dates which were originally set, the trial court erred in finding a waiver of speedy trial and in denying appellant’s June 24 motion for speedy trial discharge. Further, our review of the record has not revealed an alternate theory under which the trial court might properly have denied appellant’s motion for discharge. See Stuart v. State, 360 So.2d 406 (Fla.1978). Accordingly, we reverse appellant’s judgments and sentences in case numbers 86-00289, 86-00291, and 86-00292, and remand to the trial court with directions to discharge appellant. Appellant need not be present when the orders of discharge are entered. Because of our disposition, we need not and do not address whether the trial court erred in denying appellant’s subsequent August 19, 1986, motion for speedy trial discharge.
Affirmed in part, reversed in part, and remanded with directions.
DANAHY, C.J., and RYDER and FRANK*, JJ., concur.

. Although it appears that the original June 24, and July 1, 1986, trial dates may have been set beyond the 175-day speedy trial period, the state has not contended and the record does not reveal that appellant acquiesced in setting trial in these cases beyond that period. See, e.g., Smith v. State, 482 So.2d 521 (Fla. 2d DCA 1986).