BASKIN, Judge.
After pleading nolo contendere to the charges of obstructing an officer and trespass of a conveyance, and reserving his right to appeal the trial court’s denial of his motion to dismiss, defendant, F.A.T., filed this appeal. We affirm.
Defendant argues that he was deprived of his right to a speedy trial and that his right to discharge turns on the question of whether he or the state is responsible for his nonappearance at an adjudicatory hearing. Contending that he never received notice of the adjudicatory hearing, defendant maintains that the state is responsible for the court’s failure to hear his cause within ninety days of the state’s filing of the petition of delinquency. We disagree.
The record indicates that at a prior hearing defendant’s counsel specifically agreed *463 to a trial date beyond the speedy trial time; as a result, defendant effectively waived his right to speedy trial. Long v. State, 513 So.2d 237 (Fla. 3d DCA 1987); J.B. v. Korda, 436 So.2d 1109 (Fla. 4th DCA 1983); Fla.R.Juv.P. 8.180; see Smith v. State, 482 So.2d 521 (Fla. 2d DCA 1986).
Affirmed.