PER CURIAM.
Defendant appeals the trial court’s denial of his motion for discharge made pursuant to the speedy trial rule, Fla.R.Crim.P. 3.191. We affirm.
Defense counsel first moved for discharge under the speedy trial rule on October 23, 1989. That motion was denied on *1241 grounds defendant had been unavailable for trial under Rule 3.191(e). On December 5, 1989, defense counsel again moved for discharge. The trial judge denied the motion, apparently unaware that the same motion had previously been denied. Ultimately, defendant pleaded nolo contendere to all charges, reserving the right to appeal the speedy trial ruling.
At the hearing on the December fifth discharge motion, defense counsel advised the trial judge, “If you deny his motion today, then he has — the state has 90 days from that denial to bring it up to trial or in the alternative, if he wants to file a demand for speedy trial, then they get 60 days.” This statement was erroneous under Rule 3.191 since the speedy trial period had already begun to run as of the denial of the October 23 motion for discharge. However, on appeal the defendant will not be permitted to benefit from an error he invited. Pope v. State, 441 So.2d 1073 (Fla.1983); Edwards v. State, 530 So.2d 936, 938 (Fla. 4th DCA 1988), approved, 548 So.2d 656 (Fla.1989). Where a defendant asks to be discharged due to failure to comply with the speedy trial rule and his attorney takes any inconsistent action, defendant is bound his counsel’s actions. Herrick v. Southeast Bank, N.A., 512 So.2d 1029, 1030 n. 3 (Fla. 3d DCA 1987); McArthur v. State, 303 So.2d 359, 360 (Fla. 3d DCA 1974).
Therefore, defendant’s assertion through counsel at the December fifth hearing had the effect of his agreeing to a trial date outside the speedy trial period. F.A.T. v. State, 522 So.2d 462 (Fla. 3d DCA 1988); State v. Long, 513 So.2d 237 (Fla. 3d DCA 1987); Smith v. State, 482 So.2d 521 (Fla. 2d DCA 1986).
Accordingly, we affirm.