345 So.2d 1117 (1977)
Johnnie SMITH, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1370.
District Court of Appeal of Florida, Second District.
May 20, 1977.
*1118 Robert E. Jagger, Public Defender, Clearwater, and Susan F. Schaeffer, Asst. Public Defender, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant Smith challenges the trial court's denial of his motion for discharge under the provisions of Fla.R.Crim.P. 3.191, the Speedy Trial Rule. We reverse.
Smith was arrested on charges of possession of heroin and paraphernalia on November 4, 1975. The state filed an information against him some 4 1/2 months later. Smith entered a written plea of not guilty. On April 8, 1976, he appeared at an arraignment, at which time the trial judge set his trial for May 12. On May 10, prior to the scheduled trial, Smith moved for discharge. The trial judge, who had also presided over Smith's arraignment, denied the motion. Smith then pled nolo contendere to the charges, preserving the right of appeal on the speedy trial question. He was placed on three-years probation. He now appeals.
The state concedes Smith's trial date was 10 days beyond the 180 days provided for under Rule 3.191. But the state contends Smith waived his right to be tried within 180 days by either agreeing or acquiescing to the trial date of May 12. We must disagree.
The Speedy Trial Rule contemplates that the period of time for trial may be extended. Subsection (d)(2) states:

When Time May Be Extended. The periods of time established by this Rule for trial may at any time be waived or extended by order of the court (i) upon stipulation, signed in proper person or by counsel, by the party against whom the stipulation is sought to be enforced, provided the period of time sought to be extended has not expired at the time of signing ....
The record before us is devoid of any written evidence or any testimony to show a waiver by the appellant. In finding a waiver, the trial judge relied on her own recollection. She stated:
I can't  I can't go along with your theory that there hasn't been an effective acquiescence and perhaps specific agreement with regard to this particular trial date. As I recall, we do not have  we did not have a court reporter for that arraignment on April the ninth. We may have. I just do not recall.
This court has recognized that the right to a speedy trial may be waived by a *1119 defendant by agreement to a trial date beyond the deadline for trial. State v. Nelson, 320 So.2d 835 (Fla.2d DCA 1975). Although the Rule requires that a defendant's waiver of that right must be in writing and signed by the defendant, we have held that a written recording of an oral stipulation can obviate this requirement. Eastwood v. Hall, 258 So.2d 269 (Fla.2d DCA 1972). With no written evidence of a waiver by appellant or his counsel, the only indication in the record which points to a possible waiver is the trial judge's quoted statement on arraignment procedures. Unfortunately, a transcript of Smith's arraignment is unavailable to us. In all candor, the record reveals that the trial judge's recollection extended more to the general procedures usually followed by the court on arraignment than to the specific details of Smith's arraignment. This is certainly understandable, considering the volume of proceedings of this nature handled by a trial judge. Neither the state attorney nor public defender who appeared at the discharge hearing was present at Smith's arraignment. The public defender, however, represented to the trial judge that no one from her office had agreed to any specific trial date. So the record is silent as to any agreement by the appellant or his counsel to waive application of the Rule.
Reducing a waiver to writing may seem burdensome to the state; however, this requirement of the Rule is clear. At the very least there should be a transcript made of any proceedings which may involve a possible waiver of the Rule. We must not attempt to cast this additional burden on the recollection of a trial judge.
From the record before us, we cannot presume a waiver by appellant of his rights under Rule 3.191. Accordingly, the judgment of the trial court is reversed and the defendant is discharged.
BOARDMAN, C.J., and HOBSON, J., concur.