389 So.2d 278 (1980)
Gerard HEALEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1543.
District Court of Appeal of Florida, Third District.
October 7, 1980.
Rehearing Denied November 7, 1980.
Bennett H. Brummer, Public Defender and Rory S. Stein and Howard K. Blumberg, Asst. Public Defenders, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before SCHWARTZ and NESBITT,[*] JJ., and MELVIN, WOODROW M. (Ret.), Associate Judge.
SCHWARTZ, Judge.
Healey appeals from the judgment and sentence entered after a jury found him guilty of manslaughter. We reverse on the basis of our agreement with his contention that he was entitled to discharge under the speedy trial rule.[1]
On October 29, 1976, the defendant was arrested in connection with the homicide of Herman Wayne Robinson, Jr. Trial was set for February 28, 1977. Healey then moved for a continuance of the trial, which was granted on February 18, 1977. On March 8, and again on March 25, the prosecution was granted continuances. After the state indicated its desire to appeal from the April 15 granting of a defense motion to suppress, the trial court specifically extended the time for trial under Fla.R.Crim.P. 3.191(d)(2)(iv) "to and including 90 days after the return of the final mandate from the appellate court." An appeal was taken, but was voluntarily dismissed by the state on June 17; the final order of this court issued July 8, 1977. On August 31, the trial court granted a defense motion to dismiss the information. On November 10, the state refiled an information against the defendant. On December 23, 1977, the court denied a defense motion for discharge based on the speedy trial provisions of Fla.R. Crim.P. 3.191. That motion should have been granted.
On the undisputed facts, the state was obliged to bring Healey to trial by October 6, 1977, 90 days after the receipt of this court's mandate, as specifically provided in the order of extension. State v. Jenkins, *279 389 So.2d 971 (Fla. 1980); State ex rel. Mullen v. Swigert, 352 So.2d 962 (Fla. 1st DCA 1977). We disagree with the state's contention that any post-July 8, 1977 delay may be attributed to the defendant by virtue of his successful motions to suppress and to dismiss. Tucker v. State, 357 So.2d 719 (Fla. 1978); see, State v. Thurston, 372 So.2d 959 (Fla. 3d DCA 1979).[2] We also reject the claim that Healey's return to his home in Pennsylvania after the charges against him were dismissed rendered him unavailable for trial under Fla.R.Crim.P. 3.191(e). State ex rel. Smith v. Nesbitt, 355 So.2d 202 (Fla. 3d DCA 1978).
Thus, discharge could be denied only if the initial defense continuance of February 18 is treated as obviating the necessity of compliance with the subsequent specific extension of the speedy trial time granted by the lower court under rule 3.191(d)(2)(iv). See, State v. Bufford, 383 So.2d 928 (Fla. 5th DCA 1980); State v. Kurtz, 354 So.2d 890 (Fla. 4th DCA 1978), cert. denied, 360 So.2d 1249 (Fla. 1978). We believe that State v. Jenkins, supra, and Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980) show that this is not the case. In Fluellen, the supreme court emphasized that, notwithstanding a prior defense continuance, the sixty-day demand provision of rule 3.191(a)(2) remains in effect. This ruling impliedly rejects the position asserted in Bufford and Kurtz that a continuance eliminates the applicability of all of rule 3.191 except 3.191(d)(3). More important, an opposite holding would have the obviously unacceptable effect of rendering meaningless a subsequent court order which expressly determined when the defendant must be tried. The Jenkins opinion demonstrates that, to the contrary, such an order is controlling. At 389 So.2d 975, the supreme court said that the constitutional reasonableness test, as opposed to the requirements of rule 3.191, applies "when no specific time period is prescribed by order or rule." [e.s.] Since, in this case, the defendant was not tried within the specific time period "prescribed by order," the judgment under review is reversed and the cause remanded with directions to discharge the defendant.
Reversed and remanded.
NOTES
[*] Chief Judge Haverfield participated in the decision but did not hear oral argument.
[1] This holding renders it unnecessary to consider his claims of error in the instructions to the jury.
[2] The state further contends that Healey's counsel delayed the case and "thwarted" its intention to appeal the August 31 dismissal by failing to prepare a formal appealable order as he was requested by the trial judge. This claim is entirely without substance since the state neither itself prepared such an order nor actually took such an appeal. Much less did it obtain, as is required, a further trial court order again extending the speedy trial time. See, State v. Jenkins, supra; State v. Barnett, 366 So.2d 411 (Fla. 1978). All the state actually did was unsuccessfully move for rehearing of the order of dismissal and then file a new information. Neither action had any effect upon the speedy trial time. E.g., Stuart v. State, 360 So.2d 406 (Fla. 1978).