431 So.2d 168 (1983)
Henry William NEUMAN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 81-357.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
Rehearing Denied May 19, 1983.
*169 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Evelyn D. Golden, Asst. Atty. Gen., Daytona Beach, for appellee.
COWART, Judge.
This is another speedy trial case.
Appellant was arrested on November 19, 1979. Therefore, the 180 day rule period commenced on that date and absent some intervening, tolling event, would have run out May 17, 1980. Fla.R.Crim.P. 3.191(a)(1). However, on May 8, 1980, without objection, if not with tacit approval of appellant, the trial court stated it would "reset the trial in about 30 to 45 days." Appellant does not contend the trial court action did not properly extend the time for speedy trial. Instead he concedes that the trial court's action adds 45 days to May 8, 1980, and contends that the speedy trial rule period as extended ended on June 22, 1980, and that his motion for discharge filed July 11, 1980, was erroneously denied. We agree.
In Smith v. State, 345 So.2d 1117 (Fla. 2d DCA 1977), and in State v. Nelson, 320 So.2d 835 (Fla. 2d DCA 1975), the defendants specifically agreed to a trial date beyond the 180 day speedy trial rule time and then, after the 180 day period but before the agreed trial date, moved for a discharge. Certainly "the right to a speedy trial may be waived by a defendant by agreement to a trial date beyond the deadline for trial" as the State contends and as occurred in Smith and Nelson; but here the extended date for trial (June 22, 1980) had come and gone when appellant moved for discharge.
Apparently the trial court's intent on May 8, 1980, was to give appellant's co-defendant's attorney time to prepare for trial and this may have been viewed by the trial court as justifying an extension of speedy trial time for exceptional circumstances under Florida Rules of Criminal Procedure 3.191(d)(2)(ii) and 3.191(f)(5). However a written order, a normal prerequisite to a valid extension, was apparently never entered in this case. See State v. Barnett, 366 So.2d 411 (Fla. 1978); Stuart v. State, 360 So.2d 406 (Fla. 1978); Muller v. State, 387 So.2d 1037 (Fla. 3d DCA 1980).
The First District Court of Appeal has held that any extension order under Rule 3.191(d)(2)(ii) based on exceptional circumstances as defined in Rule 3.191(f) disengages and terminates speedy trial rule rights, relegating an accused to his constitutional speedy trial rights, without regard to whether the order extends speedy trial limits for a specified period or continues them indefinitely. State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979). That construction has merit where a motion to continue is involved, but where the trial court extends the time for trial for a specific period of time, the better rule is that the enlarged period of time becomes the speedy trial time within which the defendant must be tried. See, e.g., State v. Jenkins, 389 So.2d 971 (Fla. 1980) (where State files an appeal, it must request an extension of the *170 speedy trial period pursuant to Rule 3.191(d)(2); and where trial court grants that extension for a specific period of time, such specified time is controlling); Healey v. State, 389 So.2d 278 (Fla. 3d DCA 1980) (where trial court under Rule 3.191(d)(2) specifically extended time for trial to 90 days following mandate from appellate court, such time period was controlling notwithstanding appellant's previous motion for a continuance). In this case the State did not bring the appellant to trial within the speedy trial period as extended by the trial court. Therefore, the appellant was entitled to discharge and the trial court's order denying his motion for discharge is reversed and appellant is discharged.
REVERSED.
DAUKSCH, J., concurs.
ORFINGER, C.J., dissents with opinion.
ORFINGER, Chief Judge, dissenting.
I respectfully dissent. Although the record is far from clear, there is good reason for me to believe that the case had been set for trial on May 8, 1980, but that the trial was not held because defendant failed to appear.[1] Because defendant was represented by the public defender's office, it was also decided on that day that other counsel would be appointed for the co-defendant.
Thus, good cause is shown for the continuance. First, it was obvious that the extension was needed by the co-defendant. This is an "exceptional circumstance" as defined in Florida Rule of Criminal Procedure 3.191(f). Additionally, the quoted statement by this court is an indication that trial was not held within the 180-day period because the defendant failed to appear for trial. Under Rule 3.191(d)(3), this would be a delay attributable to the accused and not excused.
For either of these reasons, the continuance was justified. Once we reach that point, the 180-day rule no longer applies. I much prefer the rule established by State ex rel. Lee v. Harper, 372 So.2d 1012 (Fla. 1st DCA 1979), which holds that an extension order based on exceptional circumstances disengages speedy trial rights under the rule and relegates a defendant to his constitutional speedy trial rights, whether the order extends the trial for a specified period or continues it indefinitely. I see no reason for a distinction, because an extension is a continuance, and where attributable to the defendant, a continuance takes the case out of the time constraints of the rule. Butterworth v. Fluellen, 389 So.2d 968 (Fla. 1980). I would affirm.
NOTES
[1] This statement appears in the record of the May 8, 1980, hearing in this case:

[The Court:] We will reset both of these matters, the Grezik case and also the Henry William Neuman case, down for a jury trial in thirty to forty five days. Of course, we certainly cannot proceed to trial this morning without him. The Court felt like there was some misunderstanding as to why he was not here. So, I gave him until this afternoon to appear to discuss the matter. We will reset it for jury trial.