HOBSON, Acting Chief Judge.
Defendant, Byron Mark Ellison, contends on appeal that the trial court erred in denying his motion for discharge under the speedy trial rule.[1] We agree and, therefore, reverse.
Defendant was taken into custody in the instant matter on March 30, 1982. On July 9, 1982, the defendant, through his attorney, entered into a stipulation for extension of the speedy trial rule specifying a 60-day extension to the period. Thus, the original speedy trial period that would have expired on September 30, 1982, was extended by the July 9 stipulation to November 30, 1982.[2] In response to the stipulation, the trial court rendered an order on July 15, 1982, reflecting the stipulation.
On September 20, 1982, a second stipulation for an extension of the 180-day speedy trial period was entered into by thé defendant with the specification that the speedy trial period would be extended for 60 days from September 20, 1982. On that date, the trial court entered an order anticipating the stipulation for extension of speedy trial, specifically finding that the speedy trial period for the defendant would be extended for 60 days by stipulation and finding that the provisions of Florida Rule of Criminal Procedure 3.191(f)(5) were applicable. The trial court ordered that the speedy trial period would be tolled for appellant consistent with such stipulation.
On September 30, 1982, the trial court recognized the stipulation of September 20, 1982, and entered an order on the same stipulation form extending the speedy trial period for 60 days from September 20, 1982, without mentioning exceptional circumstances. On December 3, 1982, the trial court entered an order based on exceptional circumstances, resetting the trial *262 date to January 4, 1983, and thereafter the defendant filed a motion for discharge, which was denied.
The order of September 20, 1982, which made reference to rule 3.191(f)(5) does not extend defendant’s speedy trial period beyond the stipulated 60 days as contemplated in the stipulation. Moreover, the order of September 30, 1982, entered by the trial judge which incorporated the stipulation of September 20, 1982, came later in time and is controlling regardless of any construction of the order of September 20, 1982, mentioning exceptional circumstances. Thus, by the second stipulation entered into by the appellant on September 20, 1982, and the order incorporating such stipulation extending the speedy trial period for 60 days from September 20, 1982, the state was obligated to bring the defendant to trial on or before November 19, 1982. Once the 180-day period extended by 60 days passed on November 19, 1982, the trial court lost jurisdiction and the defendant was entitled to discharge. Sherrod v. Franza, 427 So.2d 161 (Fla.1983).
We hold, therefore, that the second order entered by the trial judge on September 30, 1982, nullified the trial court’s first order, and the defendant was entitled to rely on the order stating he had to be tried 60 days from September 20, 1982.
REVERSED AND REMANDED, and the trial court is directed to discharge the defendant.
DANAHY and LEHAN, JJ., concur.

. Fla.R.Crim.P. 3.191.

. Although the parties and the court refer to the expiration of the original speedy trial period as September 30, 1982, and the 60-day stipulation extending the speedy trial period to November 30, 1982, these dates were not precisely calculated. However, because the minor discrepancy is not determinative to the disposition of this case, they will be adopted in this opinion for clarity.