475 So.2d 201 (1985)
James Guy FERRIS, Petitioner,
v.
STATE of Florida, Respondent.
No. 63588.
Supreme Court of Florida.
August 29, 1985.
Office of the Public Defender, Second Judicial Circuit, and Terry P. Lewis, Sp. Asst. Public Defender, Tallahassee, for petitioner.
Jim Smith, Atty. Gen., and Richard A. Patterson and Lawrence A. Kaden, Asst. Attys. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review a decision of a district court of appeal, Ferris v. State, 428 So.2d 743 (Fla. 1st DCA 1983), which expressly and directly conflicts with Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983), on the question of whether an extension of a speedy trial period granted for exceptional circumstances must be for a specified period of time or whether the extension can be granted for an indefinite but reasonable time. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve the decision below and hold that an extension of a speedy trial time period granted due to exceptional circumstances can be granted for an indefinite period of time.
Petitioner James Ferris was arrested on May 8, 1981 for armed robbery. Trial was originally scheduled for September 29, 1981. However, the day before trial was to begin, the state moved for a continuance and extension based on exceptional circumstances for two reasons: (1) an important witness had been injured in an accident and (2) the co-defendant had filed a motion for *202 suggestion of insanity which could not be disposed of by the trial date. The judge granted the motion, stating: "This will be set for October 30th; that'll by your next plea day in this case." A subsequent written order ruled that the time period for speedy trial "be extended until the next trial week," which was in late November. On October 30, trial was scheduled for February 1, 1982.
Petitioner filed a demand for speedy trial on December 2, 1981. On January 27, 1982, petitioner filed a motion for discharge. At the hearing on the motion petitioner's counsel argued that the speedy trial period had expired on November 23, 1981, which was in the next trial week after the 180-day speedy trial period was originally scheduled to expire. The judge stated that he believed the written order inaccurately reflected his oral order. The judge found that his oral order extended the time long enough to reschedule the trial on the next plea day, and denied the motion. Petitioner filed a second motion for discharge, which the trial judge refused to rule upon on the grounds it was untimely filed.
Petitioner appealed, and the First District Court of Appeal affirmed, holding that the extension granted by the trial court removed the case from the operation of the speedy trial rule. The district court further held that petitioner was brought to trial within a reasonable period of time under constitutional speedy trial standards.
Petitioner argues that the extension granted by the trial judge did not remove the case from the speedy trial rule. He contends that the extension was granted until the next trial week, a date which could be specifically determined, and that "where the trial court extends the time for a specific period of time, the better rule is that the enlarged period of time becomes a speedy trial time within which the Defendant must be tried." Neuman v. State, 431 So.2d 168, 169 (Fla. 5th DCA 1983). In the alternative petitioner argues that even assuming the trial judge extended the speedy trial period for an indefinite period of time, petitioner was not brought to trial within a "reasonable time" under constitutional standards.
We first address the question of whether a trial judge can grant an extension of a speedy trial period for exceptional circumstances for an indefinite period of time. Florida Rule of Criminal Procedure 3.191(d)(2) provides in pertinent part:
When Time May be Extended. The periods of time established by this Rule may be extended provided the period of time sought to be extended has not expired at the time the extension was procured. Such an extension may be procured: ... (ii) by written or recorded order of the court on the court's own motion or motion by either party in exceptional circumstances as hereafter defined in section (f). .. .
The Fifth District Court of Appeal has construed this rule to mean that any extension granted must be for a specific period of time. Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983); Ehn v. Smith, 426 So.2d 570 (Fla. 5th DCA 1983). The First District Court of Appeal has held "that a Rule 3.191(f) extension or continuance, granted either the state or the defendant because of `exceptional circumstances' preventing a scheduled trial within the speedy trial period, permits a trial within a `reasonable time.'" State ex rel. Lee v. Harper, 372 So.2d 1012, 1013 (Fla. 1st DCA 1979).
We adopt the position taken by the First District Court of Appeal. Although Harper was decided when rule 3.191(f) specifically provided that "that Court may set a new trial date within a reasonable time," the court below noted that the comments to the rule state that this language was eliminated because it was simply unnecessary. We agree. Rule 3.191(f) provides a mechanism for granting extensions of time for exceptional circumstances. Often an exceptional circumstance is one that will cause a delay for an indefinite period of time. In such situations the trial court has the discretion to grant an indefinite extension for such period as is necessary to resolve the problem causing the delay. *203 Even so, however, the defendant retains his other rights under the rule as well as the constitutional right to be tried within a reasonable period of time. See Butterworth v. Fluellen, 389 So.2d 968, 969 (Fla. 1980).
In this case there was some ambiguity as to what the trial judge had ordered since the written order did not accurately reflect his oral order. However, at the hearing on petitioner's motion for discharge, the trial judge made clear that he had intended to extend the trial date until a time to be determined at a later date. This order, based on exceptional circumstances, extended the trial date for an indefinite period of time. See State v. Jenkins, 389 So.2d 971 (Fla. 1980).
We add, however, that we do not accept the state's contention that an indefinite extension of the speedy trial time period removes a prosecution from the operation of the speedy trial rule.
An extension to a time certain merely relieves the state of the obligation to bring the accused to trial within the limits established by rule 3.191(a)(1) (speedy trial without demand) or rule 3.191(a)(2) (speedy trial upon demand). We hold that an indefinite extension is also appropriate. All this means is that the court will not grant a motion for discharge during the period of the indefinite extension, since subsection (d)(3)(i) provides that such motion will not be granted when "a time extension has been ordered under (d)(2) and that extension has not expired."
Relief from the deadlines imposed by the rule, however, does not eliminate the accused's rights under the rule. If the indefinite extension is subsequently made definite by establishing a date certain, subsection (d)(3)(i) provides for discharge if the extension expires. This protection is not eliminated. Similarly, the right of the accused to demand speedy trial under subsection (a)(2) is not eliminated.
The right to demand speedy trial is continuous, regardless of how long a case has been pending, regardless of to whom the delay is attributable; a defendant always retains the right to demand speedy trial within sixty days, subject to the limitations of the rule. The right exists even when an indefinite extension is granted to relieve the state of the deadline under a previous speedy trial demand. The rule creates a right for the accused to force the state to bring him to trial within sixty days at any stage of the proceedings.
Of course, a demand may well be futile when a definite or indefinite extension has been granted and the circumstances justifying that extension have not changed at the time of the demand. The right to demand speedy trial is no greater than the right to a speedy trial without demand. Thus, circumstances justifying an extension of the speedy-trial-without-demand time also justify extension of the speedy-trial-upon-demand time; a defendant would be unable to assert the state carries a greater burden to establish grounds for delay of a speedy trial upon demand.
A demand would end any indefinite extension and oblige the state to proceed to trial under subsection (a)(2). If the circumstances which compelled the original extension persist at the time of demand, or new grounds for delay have arisen, the state is free to seek a new extension under subsection (d)(2). The state could also move to have the demand stricken under subsection (c). Failure to bring the accused to trial within the deadline established by (a)(2) would require the court to grant a motion to discharge, subject to the criteria of subsections (d)(1) and (d)(3) and the collateral provisions of the rule relevant to the motion for discharge.
The state is not without power to seek an end to the indefinite extension by moving to set a trial date, since any party is free to so move the court.
We now address the question of whether the length of the delay in this case was unreasonable in violation of petitioner's constitutional rights. In determining the reasonableness of a delay, we are guided by four factors: (1) the length of the delay; (2) the reason for the delay; (3) *204 whether the defendant actually desired a speedy trial; and (4) whether the defendant has actually been prejudiced by the delay. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In this case the delay was for less than three months after the 180-day speedy trial period had expired and was caused by exceptional circumstances. Although the defendant did demand a speedy trial and did not request a continuance himself, he has failed to show how he has been prejudiced in terms of his constitutional right to be tried within a reasonable time.
We therefore approve the result of the district court's opinion but quash that portion of the decision holding that an indefinite extension removes a case from the operation of rule 3.191.
It is so ordered.
ADKINS, OVERTON, ALDERMAN, McDONALD and EHRLICH, JJ., concur.
BOYD, C.J., dissents with an opinion, in which SHAW, J., concurs.
BOYD, Chief Justice, dissenting.
I would quash the decision below and approve Neuman v. State, 431 So.2d 168 (Fla. 5th DCA 1983), as stating the correct law. An extension of time for trial for exceptional circumstances under Florida Rule of Criminal Procedure 3.191(d)(2)(ii) must extend the period within which trial must commence until a date certain. Logical reasoning from clear precedents on related questions of the rule's construction compels this result. See, e.g., State v. Jenkins, 389 So.2d 971 (Fla. 1980); Stuart v. State, 360 So.2d 406 (Fla. 1978).
One of the reasons for establishing speedy trial time limits by court rule is to avoid having courts involved in the difficult, judicial energy-consuming process of deciding where to draw the line when a question is raised about the constitutional right of an accused or arrested person to be brought to trial quickly. To hold that the time period may be extended indefinitely will result in the constitutional issue being raised frequently in cases where the state takes advantage of the indefinite extension and procrastinates about bringing the matter to a conclusion. Therefore the extensions when granted should be to a time certain. If a further extension is necessary and justified the state can ask for it and will usually get it.
Here the extension order was clearly intended to extend the period to a time certain and trial was not commenced within that time. Therefore the motion for discharge should have been granted.
SHAW, J., concurs.