500 So.2d 558 (1986)
Jeffrey PARNELL, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1230.
District Court of Appeal of Florida, Fourth District.
October 29, 1986.
Rehearing and Certification of Conflict Denied February 4, 1987.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Lee Rosenthal, Asst. Atty. Gen., West Palm Beach, for appellee.
SALMON, MICHAEL H., Associate Judge.
Jeffrey Parnell was convicted of two counts of second degree murder and sentenced for a term of life. He raises seven *559 grounds for reversal, one of which, if correct, would require that he be discharged.

THE SPEEDY TRIAL ISSUE
After a number of matters occurred affecting his right to a speedy trial, Parnell, pro se, filed a motion for discharge contending that he had not been brought to trial within the time required by Florida Rule of Criminal Procedure 3.191. The trial judge directed the state to respond, and on July 7, 1983, an order was entered denying discharge. This is not the order that is claimed to be error, because it was correctly determined that the appellant had previously waived his right to a speedy trial; however, the denial of that motion required that Parnell's trial commence within ninety days of the order of denial. Fla.R.Crim.P. 3.191(d)(3).
A trial date was scheduled on a date within the required ninety day period; however, several weeks before the scheduled trial, the state moved for a continuance because a crucial state witness became unavailable due to a serious automobile accident that involved several members of his family, which resulted in injuries that required the witness to attend to these family members. In proceedings which will be detailed later, the trial judge granted the continuance, but was not requested to enter an order extending the speedy trial past the ninety day period even though the trial was rescheduled to a date beyond that period.
Faced with the absence of such an order, the state relies upon Rogers v. Keating, 411 So.2d 231 (Fla. 5th DCA 1982). The court in that case decided that if (1) before the expiration of the speedy trial period, (2) a court grants a continuance for reasons that would support an extension of the speedy trial period because of exceptional circumstances, and (3) reschedules the trial to a date certain, the speedy trial period is extended to the rescheduled trial date. 411 So.2d at 232. We approve the rule announced in Keating. We must determine whether the requirements of the rule were met.
The proceedings which answer the question occurred on August 19, 1983. That date was before the expiration of the speedy trial period. A continuance was granted for exceptional circumstances. No written order, either granting the continuance or rescheduling the trial was entered, but the grant of the motion was an order, and it was stenographically recorded.[1] The transcript of the proceedings then discloses the colloquy between the clerk and the court regarding scheduling a new trial date:
THE CLERK: One month continuance: Would that be a top of the docket or shall the clerk set that now?
THE COURT: See if you can find something after the next thirty days.
THE CLERK: On the top of the calendar?
THE COURT: On the top of the calendar and put it in there.
THE CLERK: That would be the State who would do that, Your Honor?
THE COURT: No.
THE CLERK: You want me to do it?
THE COURT: I want you to do it.
THE CLERK: Yes, sir.
THE COURT: Record on the blue card, "No more continuances."
THE CLERK: I understand there are top of the docket calendar cases through November. This case might go into December. Just so I can understand what Your Honor is requesting, you want the next available top of the docket?
THE COURT: Yes.
Although this colloquy does not clearly show an order rescheduling the trial, reference to the "blue card" in the clerk's file *560 shows this notation under the date of August 19: "Case reset to 12/19/83, S, 9:00 AM for Trial by Jury and Cal. Call on 12/16/83, S, 9:30 AM."[2]
Reading the colloquy and the blue card together, the result is that the court ordered the case to be scheduled for trial at the next available top of the docket calendar date, which was determined to be December 19, 1983. That order resulted in an extension of the speedy trial period until that date.[3]

CALLING DALLAS NELSON AND THERESA RUMSEY AS COURT WITNESSES, AND PERMITTING THEM TO BE IMPEACHED
Error is claimed regarding the rulings of the court allowing the appellant's stepfather, Dallas Nelson, and former girlfriend, Theresa Rumsey, to be called as adverse witnesses by the state and then permitting them to be impeached by the use of prior inconsistent statements.
Both Nelson and Rumsey had made inconsistent prior statements, and it was clear that the statements that would be made by them during trial would be inconsistent with their prior statements. Ordinarily, we would not perceive any problem with the rulings in this case, because the matter of calling a witness as a court witness is within the discretion of the trial judge when the witness' expected trial testimony will be inconsistent with prior statements. Delanie v. State, 362 So.2d 689, 690 (Fla. 2d DCA 1978), McCloud v. State, 335 So.2d 257 (Fla. 1976). The real question involved here is whether Rumsey's impeachment testimony was admissible and could be used as substantive evidence, and whether Nelson's impeachment testimony  which the trial court correctly ruled could not be used as substantive evidence  precluded the court from calling Nelson as a court witness.
The trial testimony of Nelson is best characterized as either exculpatory for the appellant or useless to the state, and the state was aware that it would be so. The impeachment testimony consisted mostly of showing that he had made many prior inconsistent statements to police officers, the contents of which were damaging to the appellant. The statements to the police  the contents of which Nelson essentially denied at trial  covered a great number of areas which, at the very least, showed that appellant was aware of and involved in the planning of the murders, and at most, constituted a confession by appellant. The impeachment testimony consisted in large part of Nelson denying that he had ever told officers that appellant had told Nelson about his participation in the murders. The trial judge correctly instructed the jury that the impeachment testimony in the case of Nelson was to be considered by the jury for the sole purpose of judging the credibility of the witness and was not to be considered as evidence or proof of the truth of any such statement. But it could have been so considered by the jury, and if the only purpose of calling Dallas Nelson as a witness was to show that he was a liar, what then was the relevancy of his testimony? All of this brings back the threshold question: Should Nelson have been called as a court witness? An examination of the record compels the conclusion that the only purpose the state had to request the court to call Nelson as a court's witness was to set the stage for presentation of Nelson's previous statements to the police inculpating the *561 appellant; statements which, but for this method, would have been inadmissible, and which, by everyone's agreement, were not admissible as substantive evidence. We conclude that, under the circumstances, the prejudicial nature of the "non-substantive" evidence was sufficient to warrant a new trial for the appellant.
It was also reversible error for the court to admit Theresa Rumsey's deposition testimony as substantive evidence against the appellant. It is true that under Section 90.801(2)(a), Florida Statutes (1983), prior inconsistent statements of a witness taken under oath are admissible as substantive evidence. Moore v. State, 452 So.2d 559 (Fla. 1984). However, Section 90.608(2), Florida Statutes (1983) provides that a party may not impeach its own witness unless that witness' testimony proves adverse to the calling party. The witness must give testimony prejudicial to the cause of the calling party; the fact that a witness cannot recall making prior inculpatory statements is insufficient. Austin v. State, 461 So.2d 1380, 1383 (Fla. 1st DCA 1984). Rumsey's testimony in this case, that she could not recall whether the appellant had confessed the crime to her, did not meet the "well-recognized criteria for adverseness." Id. Therefore, Rumsey's prior inconsistent deposition testimony could not be used for impeachment purposes or as substantive evidence.

THE REMAINING POINTS ON APPEAL
Because this case must be retried, we find it necessary to comment upon the other points raised by appellant. We have examined each of them and approve the trial court's rulings regarding them. Error has not been shown as to the denial of the motion to suppress evidence; and the evidentiary rulings complained of with respect to the dog tracking evidence, the wadding and shot evidence and a rebuttal witness were correct.
Reversed and remanded with directions to vacate the convictions and sentence and grant a new trial.
ANSTEAD, J., and HURLEY, DANIEL T.K., Associate Judge, concur.
NOTES
[1] Although not defined in the rule, the committee note states that the term "recorded order" refers to stenographic recording and not recording of a written order by the clerk.
[2] The "blue card" is the clerk's record of the trial court proceedings. The quoted colloquy was between the court and the clerk, Mr. Hesse; the entry regarding the schedule of the trial date was entered by another person. We assume from an examination of the copy of the blue card contained in the record that the entry was made on August 19, 1983, although there appears to be an unreadable date stamp imprinted upon the blue card.
[3] The blue card also discloses that on September 19, 1983, the case was reset for trial on December 12, 1983.