GARRETT, Judge,
dissenting.
I respectfully dissent. Before trial, appellant’s son gave statements about his knowledge of the murders. At least one of the statements incriminated appellant. At trial, the state anticipated that the son would recant the incriminating statement. To avoid calling the son as its witness, the state requested that the court declare the son to be a court witness. In response to questioning by the state, the son as a court witness gave testimony which exonerated appellant. Then at the state’s request, the court declared the son to be an adverse witness. Thereupon, the state cross-examined the son and asked him about the prior statements which incriminated appellant. The trial judge considered the statements to be impeachment evidence and gave the following instruction:
Prior inconsistent statements are only to be considered as being relevant to the credibility of the witness impeached, and cannot be taken as proof or evidence of the [defendant's guilt.
To counter the defense’s contention that the son was the murderer, the state asked the son:
Q. Now, you’ve been tried for this [murder], haven’t you?
A. Yes.
Q. The jury acquitted didn’t they? [Objection]
Q. And you were acquitted, correct?
A. Yes.
We should reverse and remand for a new trial. The trial judge erred when she declared appellant’s son a court witness and an adverse witness. I acknowledge that a court may call witnesses whom all parties may cross-examine, § 90.615(1), Fla.Stat. (1987), and that at the time of trial a party could impeach its own witness when the witness proved adverse. § 90.608(2), Fla. Stat. (1987).[1] However, those rules were not intended as vehicles to skirt other rules *728 of evidence. The state knew it could not call the son as its witness and then impeach him. § 90.608(1), Fla.Stat. (1987).[2] In its attempt to sidestep the then rule against impeaching one’s own witness, the state first persuaded the trial court to declare the son a court witness.[3] That enabled the state to introduce evidence harmful to its own case. As soon as the son testified that appellant had no involvement in the murders, the state cried, “adverse witness.” Had the state not insisted that the son testify, the state would have had no reason to impeach him. But the ploy worked. The son became a “straw man” for the state to knock over. The state then cross-examined the son about his prior statements which incriminated appellant.
“[Cjounsel may not get in through the back door that which he could not have gotten through the front door.” Jackson v. State, 498 So.2d 906, 909 (Fla.1986). Declaring the son to be a court witness and an adverse witness allowed inadmissible substantive evidence to go before the jury under the guise of impeachment. See Parnell v. State, 500 So.2d 558 (Fla. 4th DCA 1986). This court in Foremost Dairies, Inc. of the South v. Cutler, 212 So.2d 37, 40 (Fla. 4th DCA 1968), has condemned like tactics “when the procedure is nothing more than a device or artifice to get into evidence before the jury that which would otherwise be inadmissible.”
Further, a jury should not be told what another jury has decided in a related case. Each case must be decided on its own facts, not on a verdict rendered by another jury. A defendant can be acquitted for a multitude of reasons not related to guilt or innocence. The evidence of the son’s acquittal compounded the error of allowing the state to impeach him. Knowledge about the acquittal bolstered the credibility of the son’s inadmissible statement.
The cumulative error was not harmless. See DiGuilio v. State, 491 So.2d 1129 (Fla.1986).

. Since the trial, the legislature has deleted section 90.608(2), Florida Statutes.

. After the trial, section 90.608(1), Florida Statutes, was amended. Effective October 1, 1990, "(a]ny party, including the party calling the witness, may attack the credibility of a witness.” § 90.608, Fla.Stat. (Supp.1990).

. The state had not rested. Thus, the trial court prematurely declared the son a court witness. See Brown v. State, 91 Fla. 682, 108 So. 842, 845 (1926) (a court witness is a witness not called by the prosecution).