## STATE OF FLORIDA v BUSH

## Case No. 90-0001AC (Lower Court Case No. 88-10463 MM10A)

Seventeenth Judicial Circuit, Broward County

April 8, 1991

### APPEARANCES OF COUNSEL

**Lewis R. Michael,** Assistant State Attorney, for appellant.
**Jerry Rosenblum, Esquire,** for appellee.

### OPINION OF THE COURT

ROBERT W. TYSON, JR., Circuit Judge.

Appellee, Larry W. Bush, was charged by information with driving under the influence. The trial court dismissed a portion of the information. Intending to take an interlocutory appeal, the State filed a motion on October 3, 1988 requesting that the trial court extend speedy trial pursuant to Florida Rules of Criminal Procedure, Rule 3.191(d)(2)(iv). The trial court granted the State's Motion and issued an order at the state's request which extended the period of time established by Rule 3.191 "to 30 days following issuance of a mandate on appeal."

The State's appeal commenced on October 4, 1988 and was finally dismissed by order one year later on November 9, 1989. On December 12, 1989, Appellee moved for speedy trial discharge stating that thirty three (33) days had passed and the defendant was entitled to automatic discharge. The trial court granted the motion for discharge on the authority of *Healey v State,* 389 So.2d 278 (Fla. 3d DCA 1980) in which the defendant was discharged under the speedy trial rule when not brought to trial within the specified time period provided for in the trial court's order of extension. It is to the order of discharge that the state addresses this appeal.

Appellant argues that the trial judge erred by relying on the 1980 decision of *Healey v State,* 389 So.2d 278 (Fla. 3d DCA 1980) in that the subsequent 1981 and the 1984 amendments to the speedy trial rule technically overrule *Healey.* The 1981 amendment makes uniform a 90-day period to extend speedy trial after an appeal and the 1984 amendment repeals the automatic discharge provisions and enacts the 15 day window period.

The 1981 amendment to Rule 3.191(g) makes uniform a 90 day period within which a defendant must be brought to trial after a mistrial, order of new trial or *an Appeal by the State or Defendant* (emphasis added). Thus, by the trial court ordering a 30 day extension and not a 90 day extension as prescribed by the rule, the court erred by relying on *Healey* which had a different rule in effect at the time.

Formerly, the speedy trial rule in effect under the *Healey* court only prescribed the 90 day period for mistrials or for a new trial. The rule was silent as to other appeals. In construing what was then a silent statute, the *Healey* court reasoned that when no specific time period is prescribed by order or rule, the constitutional reasonableness test is applicable. In the *Healey* case the rule was silent and the court rightfully specified the period in the extension order.

The 1984 Amendments repealed the automatic discharge provisions for felony cases, referring instead to an additional total 15 day window under Rule 3.191(i) for failure to try the defendant within the specified

time. On May 4, 1989 the automatic discharge provision was also repealed as to misdemeanors, effective July 1, 1989.

Thus, appellant argues that the appellee was not entitled to an automatic discharge for failure to bring the case to trial within the trial court's order of extension; rather, the trial judge should have first abided by Rule 3.191(i) remedies for such failure and not have automatically discharged the defendant.

In response, appellee argues that the trial court order obtained by the state specifically extended the speedy trial period to 30 days after issuance of the mandate on appeal. He argues that this order controls the speedy trial period citing, *Healey v State,* infra, *State v Jenkins,* 389 So.2d 971, 975 (Fla. 1980); and *Neuman v State,* 431 So.2d 168 (Fla. 5th DCA 1983) and that he had a right to rely on the order such that he would be tried within 30 days of the mandate. *See, Elison v State,* 447 So.2d 261 (Fla. 2d DCA 1983).

Further, appellee argues that a violation of the terms of the specific order mandates an automatic discharge and that this court on appeal should not require the trial court to apply the remedies provision of the speedy trial rule.

Finally, appellee asserts that appellant should be estopped from arguing that they were entitled to more time within which to bring appellee to trial since appellant obtained the original order extending speedy trial.

In ruling on a motion for discharge for speedy trial, it is the date of filing the motion that controls the determination of the applicable version of the speedy trial rule. *Zabrani v Cowart,* 502 So.2d 1257 (Fla. 3d DCA 1986) *affirmed,* 506 So.2d 1035 (Fla. 1987). At the time of appellee's motion for discharge, the amendments to the speedy trial rule through May of 1989 were in effect. Thus, the relevant version of the rule provided for an automatic 90 day extension of speedy trial after appeal and no longer provided an automatic discharge remedy. In fact the rule affirmatively incorporated the remedies provision of section (i).

It is clear from reviewing the Florida Supreme Court decision of *State v Jenkins,* 389 So.2d 971 (Fla. 1980) discussing the ways that orders granting extensions of speedy trial can effect a defendant's speedy trial rights, that the supreme court's upholding of a specified court order extending speedy trial was limited to the then existing silent rule. The best practice in the Supreme Court's view is for the trial court to specify the number of days, preferably ninety, from receipt of the mandate; however, the *Jenkins* court remarked that the

58

1981 rule change modifies and amends rule 3.191(g) and provides an express uniform ninety-day period within which the defendant must be brought to trial after various appellate proceedings. *Id* at 976.

In recommending what the trial courts should do prior to the rule change the supreme court advised that a 90 day extension should be granted remarking that a ninety day period is consistent with the new rule, and the establishment of this time period in the order could avoid possible confusion and unnecessary litigation. *Id.* at 976. Following the supreme court's lead in *Jenkins,* the *Healey* court discharged the defendant for not being brought to trial within the time period prescribed by an extension order entered while the speedy trial rule was silent.

The *Healey* decision properly followed *Jenkins* with a valid extension order specifying 90 days from the date of the mandate. Like *Jenkins,* the *Healey* court was also operating under the pre-1981 rule. The cases upon which appellee relies are likewise appropriate extension orders entered under a pre-1981 silent rule.

Not only were the extension orders appropriately entered under the pre-1981 silent rule, these orders also followed the supreme court's direction regarding the reasonableness of granting 90 days extensions as recommended in *Jenkins. See, State v Ferras,* 467 So.2d 765 (Fla. 4th DCA 1985) and *State v McQuay,* 423 So.2d 1001 (Fla. 3d DCA 1982).

In *Ferras,* the district court held on the authority of *Jenkins* that absent the rule providing for a 90 day extension, beginning from receipt of the mandate, a 90 day extension *is appropriate in all such cases* (emphasis added). In *McQuay,* the trial court entered a 60 day extension under the pre-1981 silent rule. The mandate was returned after the 1981 rule change went into effect. The state appealed when it was barred from continuing the prosecution outside the 60 days allowed by the order, but within the 90 days allowed by the amended rule. Citing *Jenkins,* the district court held that the 1981 rule change did not operate to automatically invalidate the trial judge's 1980 order because it was valid when rendered.

Applied to the instant case the trial court's order only giving 30 days was incorrect since it conflicted with the 90 day period prescribed by the rule at the time the order was entered. Additionally, absent a 90 day rule, the 30 day extension was unreasonable under *Ferras.*

Finally, appellant asserts that the trial court should not have automatically discharged the defendant under the extension order without applying the remedies provision provided by the rule. Since this court would already hold the extension order ineffective and

reverse on the first argument the following comments are offered future guidance.

Since the law in effect at the time of filing the motion for discharge applies, the window period applied by the express language of the rule. Logically interpreting the rule, and giving the intent of the supreme court to eliminate automatic discharges, the trial court should have not discharged the defendant without first applying the remedies provision. *In Re Amendment to Florida Rules of Criminal Procedure 3.191*, 542 So.2d 1330 (Fla. 1989).

For the foregoing reasons, this court is inclined to hold that the 30 day extension order was invalid when rendered because it conflicted with the 90 day period prescribed by the rule in effect at the time the order was rendered. Additionally, the order giving only 30 days was inappropriate in light of the 90 days recommended by the Supreme Court in *Jenkins*, and followed by the Fourth District Court in *Ferras*.

Notwithstanding the foregoing, it is a fundamental principle of law that an appellant cannot be said to successfully complain of error which he has induced or for which he is himself responsible, or for rulings that he has invited the trial court to make. 15 Fla. Jur. 2d *Criminal Law* § 975 (1979 & supp. 1991). Likewise, a party relying upon a specific ground of action or defense in the trial court will not be permitted to assume a position inconsistent therewith in the appellate court. 28 Am. Jr. 2d *Estoppel and Waiver* § 72 (1966 & supp. 1990). *See also,* 22 Fla. Jur. 2d *Estoppel and Waiver* § 48 (1980 & supp. 1991) where it is a well recognized general rule that a party may not occupy inconsistent positions in regard to a matter or take a position which is directly contrary to or inconsistent with one previously assumed by him, at least where he had or was chargeable with knowledge of the facts and another will be prejudiced by his action.

Examining the facts at hand, this court notes that it was appellant who concededly asked for and was granted thirty days in the initial order of extension when, as already stated, appellant would have had ninety days as a matter of law. *Fla. R. Crim. Pro.* Rule 3.191(g).

Additionally, appellant has also taken the position throughout the lower court proceedings that the thirty day extension was satisfactory while appellant was free to move at any time within thirty days of the mandate for another order of extension.

Furthermore, that appellant was gratuitously apprised of the time limits by appellee prior to the extension of the 30 days and still allowed the time to lapse without taking any action leaves this court with no other choice but to conclude that appellant sat on its rights.

Therefore, while the order extending the period to 30 days was improper when rendered and appellant should have been afforded the full 90 days from date of mandate within which to prosecute, appellant having induced and precipitated the error is estopped from complaining of the action taken by the trial court pursuant to appellant's own motion and relied upon by appellee.

Accordingly the order granting discharge be and is hereby AFFIRMED.

DONE AND ORDERED in Chambers, this 8th day of April, 1991.