ON MOTION FOB CLARIFICATION AND REHEARING, REHEARING EN BANC, AND CERTIFICATION

PER CURIAM.
Petitioner, Jeffrey Egler, filed a motion for clarification, rehearing, rehearing en banc, and certification from this court’s denial, without written opinion, of his petition for writ of prohibition, filed after the circuit court denied his motion for discharge. We deny the motion for rehearing, rehearing en banc, and certification, but grant the motion for clarification and issue the following opinion.
In this court’s case number 97-2037, we denied Petitioner’s prior petition for writ of prohibition, based on the denial of his earlier motion for discharge because the state did not bring him to trial within the time provided under Florida Rule of Criminal Procedure 3.191(a)(speedy trial without demand), finding that the trial court did not abuse its *851 discretion in granting an extension of speedy trial time for exceptional circumstances. That decision has become the law of the case, and we decline Petitioner’s invitation to reconsider it at this time.
As to the instant case, again challenging the trial court’s denial of a motion for discharge, we deny the petition for writ of prohibition. The extension of speedy trial time was an indefinite one. Petitioner claims it became a definite extension, to a date certain, on April 21, 1997, when the trial court issued an order resetting jury trial in the ease for September 8, 1997. At a status conference, on June 11, 1997, however, without mentioning the extension, the trial court accommodated counsel for a codefendant by agreeing instead to hear motions on September 8, and to postpone the trial until February. Thereafter, at Petitioner’s motion, the trial court recused, and a successor judge was appointed.
After Petitioner’s trial failed to take place on September 8, he filed a second notice of expiration of speedy trial time, contending that the setting of the new trial date for September 8 ended the indefinite speedy trial extension because it set a “date certain,” so that the speedy trial time period began running again thereafter; the state took the position that the indefinite extension was still in effect. The record does not reflect that either judge ever expressly announced that the extension would come to an end on the September 8 trial date, or on any other “date certain.” Ultimately, the successor trial judge denied Petitioner’s motion for discharge, and petitioner filed the instant petition for writ of prohibition.
Petitioner relies on Ferris v. State, 475 So.2d 201 (Fla.1985), and Parnell v. State, 500 So.2d 558 (Fla. 4th DCA 1986), rev. denied, 509 So.2d 1119 (Fla.1987), for his argument that the setting of a trial date ended the indefinite status of the speedy trial extension. In Ferris, the supreme court held that an extension of speedy trial due to exceptional circumstances can be for an indefinite time period. 475 So.2d at 201. “Often an exceptional circumstance is one that will cause a delay for an indefinite period of time. In such situations the trial court has the discretion to grant an indefinite extension for such period as is necessary to resolve the problem causing the delay.” Id. at 202. During the period of an indefinite extension, the trial court will not grant a motion for discharge. Id. at 203. However, the supreme court pointed out that an indefinite extension does not entirely eliminate the application of the speedy trial rule from a case. For one thing, “[i]f the indefinite extension is subsequently made definite by establishing a date certain,” then discharge is available after the extension expires. Id. (emphasis added). For another, the defendant continues to have the right to demand a speedy trial, although such right is also subject to extension. If the original circumstances persist or new grounds for extension arise, the state may seek a new extension. Id. Finally, the court noted that “[t]he state is not without power to seek an end to the indefinite extension by moving to set a trial date, since any party is free to so move the court.” Id.
In Parnell, the trial court denied a motion for discharge under circumstances which required the trial to commence within ninety days of the denial. A trial date was set within that period, but the state later moved for and was granted a continuance for exceptional circumstances within that period. 500 So.2d at 559. Although there was no extension of speedy trial, this court determined that the order resetting the trial for another date resulted in an extension of the speedy trial period until that later date because the reasons for the continuance would have supported extension of the speedy trial period. Id. at 559-60.
Petitioner argues that, as in Parnell, the setting of the trial date was a date certain that limited the extension of the speedy trial period to that date. Thus, under Ferris, a date certain had been set, and the extension expired on that date. Despite notice from Petitioner, the state failed to seek another extension. Therefore, he claims, he was entitled to discharge.
We disagree. Merely setting a trial date in a ease is not the same as setting a “date certain” for the end of the extension period. The Ferris court could have specified the mere setting of a trial date, but did *852 not. Parnell did not involve an indefinite extension; the issue there was whether an order granting a continuance to a date certain trial date constituted a speedy trial extension without a specific order granting one. If a trial court may make its extension either definite or indefinite, surely the indefinite extension does not automatically become definite every time the court attempts to set a trial date in advance of the parties’ actually being ready for trial. We do not believe that is what the supreme court meant when it used the term “date certain” in Ferris. See generally State v. Livingston, 475 So.2d 1328 (Fla. 5th DCA 1985)(after case was not reached on several prior docket settings, prosecutor requested case be set for time certain so he could assure witnesses of time when they would be called); Vaughn v. State, 453 So.2d 929, 931 n. 1 (Fla. 2d DCA 1984)(lengthy order granting extension of speedy trial period to “date certain” of specific date).
Accordingly, the petition for writ of prohibition is denied.
STONE, C.J., and STEVENSON and GROSS, JJ., concur.